### EDWARDS et al. vs. COOPER.

ATTACHMENTS: *Special and general writs of—Act of December 28, 1860, construed.*

The lessor brought suit by attachment, under the act approved December 28, 1860, to enforce his specific lien against property mentioned in written articles of lease — he filed the affidavit required by that act, but instead of the bond required by said act, he filed the general attachment bond; the clerk issued a general writ of attachment, which was levied upon the general property of the defendant. On motion to quash the writ: *Held*, that the plaintiff having failed, in the first instance, to file the bond required by the special act to entitl e him to the enforcement of his lien upon the specific property, and, in the second, having failed to file such affidavit as would authorize the issuance of a general writ of attachment, he was entitled to neither, and the writ should be quashed.

APPEAL from *Phillips* Circuit Court.

Hon. M. L. STEPHENSON, Circuit Judge.

*Palmer & Sanders*, for appellants.

*A. H. Garland*, for appellee.

FARRELLY, Sp. J.   On the 14th day of February, 1870, Cooper, by contract in writing, leased a certain plantation in Phillips county to Edwards for the term of two years, or until the 1st day of January, 1872, at the annual rent of one hundred and sixteen bales of cotton, weighing four hundred

pounds each, and to be the first delivered to the said Edwards by his lessees or gathered by himself. On the 3d day of November, 1870, Cooper brought suit, by attachment against Edwards to enforce his landlord's lien. The suit was brought under the act of December 28, 1860, and the plaintiff filed the affidavit required by that act. The clerk, instead of issuing a specific or special writ, issued a general writ of attachment which was levied upon the general property of the defendant, who gave the following bond and retained possession of the property: "We undertake and are bound unto plaintiff, Duncan B. Cooper, in the sum of seventeen hundred dollars, that the defendant, T. M. Edwards, will perform the judgment of the court upon the following property of the defendant attached in this action, to-wit: (the property attached here described), the said property being of the aggregate appraised value of $797.50." This bond is not a literal compliance with the bond required by section 234 or 242 of the code of civil practice. At the May term, 1871, of the court, the defendant appeared and filed a motion to quash the writ of attachment, on the ground that the writ issued was the general writ of attachment, and the complaint and affidavit were for the specific attachment authorized by the act of 1860. The court took the motion under advisement, and at the November term, 1872, overruled the same; to which the defendant excepted at the time. On the following day, the defendant being called and failing to answer, the court rendered judgment against him for the sum of $7,424, and against his securities in the aforesaid bond for the sum of $797.50, being the appraised value of the property attached. On the second day thereafter, defendant's counsel filed a motion, supported by affidavit, to set aside the judgment and for time to plead. The court overruled the motion, and the defendant excepted. Thereupon the defendant filed a motion for a new trial, which

the court overruled; defendant excepted and prayed an appeal, which was granted. The grounds for a new trial, as set forth in the motion, are as follows:

First. The court erred in overruling the motion of the defendant to quash the writ of attachment issued in this case.

Second. The court overruled the motion of defendant to set aside the judgment *nil dicit*, and allow him time to plead.

Third. Because the court in the trial of said cause did not state in writing the conclusions of fact found separately from the conclusions of law.

Fourth. Because the judgment is contrary to the law and the evidence.

Fifth. The verdict of the court is contrary to the law and the evidence.

We proceed to consider the ruling of the court upon the motion to quash the writ of attachment.

This suit, as above stated, was brought under the act of December 28, 1860, the first section of which, in substance, declares that a landlord who has a lien on the crop for rent may have a writ of attachment for the recovery of the same, whether the rent be due or not, in certain cases therein specified; and the second section of which reads: "Before such writ of attachment shall issue, the landlord * * shall make and file an affidavit of one of the above facts, that the amount claimed (which shall be therein stated) is or will be due for rent, or will be the value of the portion of the crop agreed to be received as rent, stating the time when the same became due, and that he has a lien on such crop for such rent; and he shall file with the clerk * * a bond to the defendant, with sufficient security, in double the amount of his claim, as sworn to, conditioned that he will prove his debt or demand and his lien in a trial at law, or that he will pay such damages as shall be adjudged against him."

This act is amendatory of chapter 100 of Gould's Digest, under the head of landlord and tenant, and is intended to afford a special remedy in a particular class of contracts; it confers a peculiar and valuable privilege upon the landlord, in giving him a more effectual and specific remedy in enforcing his demands against his tenant. The proceeding by attachment is in derogation of common law, and, whether general or special, as in this instance, a party resorting to its aid, or availing himself of the privilege it confers, must strictly comply with the provisions of the statute, and more especially and particularly in all such requirements as are prerequisites to the issuance of the writ. Some one of the causes specified in the act must be shown to exist at the time as a ground for bringing the suit; the affidavit and a bond conditioned as prescribed by the act must be filed as indispensable prerequisites before the writ of attachment is issued.

In the case presented by the record, the complaint and affidavits conform to the requirements of the above act, and show upon their face that the plaintiff sought to avail himself of the specific remedy afforded by this act to enforce his specific lien and demand reserved in the written articles of lease against the particular property therein named, in kind, quantity and value. The condition of the bond required to be filed by this act before the writ of attachment should issue is, that the plaintiff "will prove his debt on demand and his lien in a trial at law, or that he will pay such damages as shall be adjudged against him." The bond filed is the general attachment bond required by section 219 of the code, which reads, "that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the attachment if the order is wrongfully obtained."

This bond is neither in form nor substance the bond required to be filed by the act under which the plaintiff com-

menced his proceeding. The obligation is not in double the amount sworn to in the affidavit, nor in any specified amount, nor is it conditioned that the plaintiff will prove his lien, as required by the act. It is clear, therefore, that he was not entitled to a writ of attachment, to be levied upon the specific property upon which a lien was retained by the written articles of lease, and to enforce which he brought his suit. Under this state of the case, was he entitled to the general writ of attachment, to be levied upon the general property of the defendant, as was done in this case? To authorize the issuance of the general writ and a levy upon the general property of the defendant, it should appear from the affidavit that some one of the grounds enumerated in the statute existed; that the claim was just, etc. The affidavit filed in this case contains no such statement, makes no such showing as required by the statute to authorize the issuance of a general writ of attachment, and we conclude, therefore, that inasmuch as the plaintiff, in the first instance, failed to file the bond required by the special act to entitle him to the enforcement of his lien upon the specific property; and, in the second, failed to file such affidavit as would authorize the issuance of a general writ of attachment to be levied upon the general property of the defendant, he was entitled to neither, and the court should have sustained the motion to quash.

Holding, as we do, that the writ should have been quashed for the reason that an essential prerequisite, the filing of such a bond as the act required, was not complied with, and that the writ issued was at variance with the essential prerequisites of the act, and did not come within its purview, the judgment and verdict—in fact the whole proceedings—were affected thereby, and must necessarily fall. Such being the case, we do not deem it necessary to discuss the effect of the bond required by sections 234 or 242 of the civil code, or feel called

upon to consider separately or more particularly the other causes named in the motion for a new trial.

The judgment of the circuit court of Phillips county overruling the motion to quash the writ of attachment is reversed, and the cause remanded with instructions to quash the entire proceedings.

STEPHENSON, J., being disqualified, did not sit in this case.