ROGERS v. COOPER.

ATTACHMENTS: *Landlord's affidavit amendable.*
 A defective affidavit of a landlord, in attachment for rent, is amendable.

APPEAL from *White* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*W. R. Coody*, for appellant.
*J. W. House* and *B. D. Turner, contra.*

ENGLISH, C. J. :

On November 15, 1875, Thomas J. Rogers filed before a Justice of the Peace of Gray township, White county, the following note, executed to him by W. H. Cooper :

"$235.50.          SEARCY, ARK., January 23, 1875.

On or before the 15th day of October next, I promise to pay Thomas J. Rogers, or order, two hundred and thirty-five and 50-100 dollars, for rent for the Thomas Rogers place, on Little Red river, for the year 1875.

W. H. COOPER."

Rogers also made the following affidavit before the Justice :
 " The plaintiff, Thomas J. Rogers, states that the claim in this action against the defendant, W. H. Cooper, is for money due upon a promissory note executed by the defendant to the plaintiff for the rent of his farm on Little Red river, for the year 1875, and for corn furnished the defendant by the plaintiff, and a judgment against the defendant before a Justice of the Peace, and that it is a just claim, and that he ought, as he believes, to recover thereon $235.50, and that said debt is justly due and remains wholly *unpaid*, and that unless attachment issues there is reason to believe, and he does believe, that said debt will be lost or greatly delayed."

Rogers also filed the following bond: "We undertake that the plaintiff, Thomas J. Rogers, shall pay to the defendant, W. H. Cooper, all damages, not to exceed five hundred dollars, which the said defendant may sustain by reason of this attachment, if the order therefor is wrongfully obtained." Signed by Thomas J. Rogers and R. J. Rogers.

Whereupon the Justice issued a writ of attachment, directed to any Constable, etc., commanding him "to attach and safely keep all the crop of corn, cotton and other produce raised by the defendant, W. H. Cooper, on the farm of plaintiff, Thomas J. Rogers, situate on Little Red river, in township seven, etc., in the year 1875, or so much thereof as will satisfy the claim of plaintiff, etc., for $235.50, and $20 for costs, etc., and to summon the defendant," etc.

The writ was made returnable before the Justice on November 27, 1875.

The officer to whom the writ was delivered returned upon it that he had executed the attachment by attaching three bales of lint cotton, marked, etc., as the property of W. H. Cooper. That said cotton was found in the hands of J. W. Arnold, who executed bond and retained possession thereof, etc.

On the return day the cause was continued to December 20, 1875, on which day Arnold interpleaded for the cotton, and a demurrer was sustained to his interplea. The defendant, Cooper, moved to dissolve the attachment for want of a sufficient affidavit; whereupon the Justice permitted the plaintiff to amend the affidavit by inserting after the word "*unpaid*" the following: "*and defendant had removed a part of the property from the premises without paying said rent.*"

Cooper then filed an answer, in substance, as follows:

He denies that he is indebted to plaintiff in the sum of $235.50, and that the same is wholly unpaid. Admits that on

January 23, 1875, he executed a promissory note to plaintiff for that sum, for the rent of his farm on Little Red river, and for corn furnished defendant, and a judgment in a Justice's court in favor of Deener & Bro. against defendant, which plaintiff had purchased of them. That the sum of $150 embraced in said note was for the rent of said place, $37.50 for corn furnished defendant by the plaintiff, and the balance was for said judgment. But that under the contract for rent of the farm plaintiff agreed to pay defendant for all work he might do for him, and for all improvements done by him on the place, which should come out of the rent. That, pursuant to said contract, defendant had done work for plaintiff on said place to the value of $151.25, for which an itemized account was filed, and which defendant claimed as an offset, etc. He admits that he removed a part of the crop from said place without the consent of the plaintiff, but he states that he had a perfect right to do so, as he had more than paid him for said rent.

On the filing of this answer, by agreement of parties and order of the Justice, defendant's set-off was referred to arbitrators, the award to be returned on February 3, 1876.

The arbitrators returned their award, allowing defendant $92.72 for labor and improvements, to be deducted from the rent note in suit, which sum was credited on the note.

Plaintiff then demurred to defendant's answer, and the Justice sustained the demurrer, and defendant failing to answer further, judgment was rendered against him and Arnold and R. S. Pitts, his surety in the bond for the attached cotton, for $145, plaintiff's debt for rent, and upon failure of Arnold and Pitts to deliver the attached cotton in satisfaction of the judgment, execution to be issued against them.

Cooper appealed to the Circuit Court.

In the Circuit Court the defendant filed a motion to quash and dismiss the attachment in the cause on the following grounds :

1. Because no affidavit was filed before the writ issued, as the law requires.

2. The affidavit shows that the indebtedness sued for was for corn furnished defendant by plaintiff, for a judgment against him, etc., and for rent, a character of indebtendess for which a specific attachment could not issue.

3. The writ does not correspond with the affidavit.

4. No bond was filed as required by law.

5. The court has no jurisdiction in this case.

The motion was argued, and submitted and sustained by the court, but before judgment was entered, '' plaintiff moved the court to be allowed to amend his said affidavit and the grounds of attachment therein named,'' which motion the court over-ruled, and rendered judgment discharging the attachment.

A personal judgment was then rendered against defendant for $145, as balance due upon the note sued on, and for costs.

Plaintiff excepted to the ruling of the court sustaining defendant's motion to dismiss and discharge the attachment, and in overruling plaintiff's motion to amend the affidavit for attachment, and obtained the allowance of an appeal by the Clerk of this court.

I. By statute a landlord has a lien upon the crop grown upon the demised premises in any one year for rent that accrues for that year, and the lien continues for six months after the rent becomes due. Gantt's Dig., sec. 4098.

A landlord who has a lien on the crop for rent may bring suit before a Justice of the Peace, or in the Circuit Court, as the case may be, and have a writ of attachment for the recovery of the same, whether the rent be due or not, in the following cases. *Ib.*, 4101.

*First*—When the tenant is about to remove the crop from the premises without paying the rent.

*Second*—When he has removed it, or any portion thereof, without the consent of the landlord.

Before such writ of attachment can issue, the landlord, his agent or attorney, must make and file an affidavit of one of the above facts, that the amount claimed, which must be therein stated, is or will be due for rent, etc., stating the time when the same became or will be due, and that he has a lien on such crop for such rent, etc. *Ib.*, 4102.

In this case the note sued on was due when the suit was commenced, and on its face the whole sum promised to be paid purported to be for the rent of the plaintiff's farm for the year 1875.

But the plaintiff, in his affidavit for an attachment, stated that the note was executed for the rent of his farm for the year 1875, and for corn furnished the defendant, and for a judgment against him, but the affidavit does not state how much of the note was for rent.

The plaintiff had no lien on the defendant's crop, under the above statute, for the price of the corn nor the amount of the judgment. So much of the note only as was for rent was a lien upon the crop, and the affidavit should have stated the amount.

Nor did the original affidavit state either of the grounds for attachment prescribed by the statute. It did not state that defendant was " *about to remove the crop from the premises without paying the rent,*" or that he had removed the crop, *or a portion thereof from the premises, without the consent of the plaintiff.*

When the defendant moved to dissolve the attachment before the justice for want of a sufficient affidavit, the plaintiff was permitted to amend the affidavit by inserting a clause as above stated, which did not help it much.

The affidavit, as amended, reads thus: "That said debt 'to ($235.50 the full amount of the note)' is justly due and remains wholly unpaid, and defendant had removed a part of the *property* from the premises without paying said rent," etc.

If the justice wrote this amendment, he could not have had the statute before him. It was an attempt, perhaps, to cover the *second* ground for attachment prescribed by the statute. The amendment states "*that the defendant had removed a part of the property from the premises without paying said note,*" when it should have stated that the defendant had removed a portion of the *crop* from the premises *without the consent of the plaintiff*.

No attempt was made to amend the affidavit before the justice by stating what portion of the note was for rent.

With the affidavit thus defective, the cause went into the Circuit Court on appeal from the judgment of the justice. Should the Circuit Court have permitted the plaintiff to amend the affidavit?

The statute giving landlords the right to attach for rent, cited above, was enacted December 28, 1860, and contains no provision for amending an affidavit upon which such attachment is issued.

But the general statute of attachments passed afterwards contains this proviso :

"The affidavit or ground of attachment may be amended so as to embrace any grounds of attachment that may exist up to and until the final judgment upon the same. If the amendment embrace grounds existing at the time of the commencement of said proceeding, and is sustained upon such grounds, the lien created by the suing out or levying of the original attachment shall be good," etc. Gantt's Digest, chap. 11, sec. 394.

And section 459, same chapter, provides that : "The pro-

visions of this chapter may be applied, so far as shall be proper, to regulate the proceedings in cases of attachments against specific property."

And by section 4617: "Whenever any proceeding taken by a party fails to conform in any respect to the requirement of the law, the court may permit an amendment of such proceedings, so as to make it conformable thereto."

There can be no good reason why attaching creditors generally should be permitted to amend their faulty affidavits in furtherance of the substantial administration of justice, and the same privilege be denied to landlords attaching their delinquent tenants.

It is objected by counsel for appellee that the record fails to show what amendment the appellant proposed to make to his affidavit. To this it may be replied, that it is manifest that the court denied to him the privilege of amending his affidavit at all.

The amendments that should have been made to make the affidavit conform to the statute are apparent, as above shown.

Moreover, the requisite amendments might have been made upon facts appearing of record. The defendant admitted in his answer before the justice that $150 of the sum named in the note sued on was for rent. He also admitted that he had removed part of the crop from the demised premises without the consent of the plaintiff. He adds, however, that he had a perfect right to do so, as he had more than paid him for the rent in labor and improvements on the farm; but this, by the award of the arbitrators, proved not to be true.

The court below erred in refusing to permit the appellant to amend the affidavit, and in discharging the attachment so far as its discharge was based upon defects in the affidavit.

II.  As to the bond for attachment.

The statute also requires the plaintiff landlord, before an

attachment is issued, "to file with the justice or clerk, as the case may be, a bond to the defendant, with sufficient security, in double the amount of the claim as sworn to, conditioned *that he will prove his debt or demand and his lien in a trial at law*, or that he will pay such damages as shall be adjudged against him.   Gantt's Digest, sec. 4102.

At the time this statute was passed it required a seal to make a *bond*, and though private seals have since then been abolished, lawyers will call such instruments *bonds*, as they are almost compelled to say "ejectment," "replevin," etc., regardless of the fact that the code makers have abrogated the common law classification of actions.   It is difficult for innovators to stop the use of long used legal terms, founded on a classification as natural as *that* in any department of abstract or physical science.

The bond in this case is signed by the plaintiff and a surety, it is made to the defendant, and is in double the amount of the plaintiff's claim as sworn to, but it is not conditioned as prescribed by the statute, and is therefore not a good statute bond (*Edwards et al.* v. *Cooper*, 28 Ark., 469,) though the plaintiff and his surety may be liable upon it as a common law obligation.

No objection was made to the bond before the justice of the peace, but if the court below had permitted the plaintiff to amend his affidavit, it might have required him to file a statute bond in good form for the protection of the defendant. True, the plaintiff did not offer to file another bond, but the offer if made, would have been useless, as the court would not permit him to amend his affidavit, and the *rem* feature of his case had to fall under this ruling.

The appellant does not complain, on this appeal, of the judgment in *personam* rendered in his favor.

So much of the judgment as discharges the attachment must

be reversed, and the case remanded with instructions to the court below to permit appellant to amend his affidavit in the matters indicated, and that he be required to file a bond, conditioned as required by the statute, and for such other proceedings in the case as may be had in accordance with law.