HURLEY *v.* BRYAN.

Opinion delivered October 1, 1923.

1. ATTACHMENT—BOND OF PLAINTIFF—HARMLESS ERROR.—While it was error, in an attachment suit, to permit the plaintiff to file a bond limited to $1,000, instead of a bond to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the attachment, as required by Crawford & Moses' Dig., § 498, such error was not prejudicial where the ground for attachment, namely, the non-residence of the defendants, was undisputed, and where the cause was transferred to equity, and *lis pendens* notices were filed, which operated as attachments, so far as a transfer of the title was concerned.

2. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT—PRESUMPTION.—Where a decree recites that consolidated cases were heard on certain documentary evidence, some of which was not abstracted and not included in the transcript, it will be presumed on appeal that the testimony not abstracted would sustain the decree of the court.

Appeal from Poinsett Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

*H. E. Marshall,* of Memphis, Tenn., for appellants.

*S. T. Mayo* and *Lamb & Frierson,* for appellees.

SMITH, J. Appellees, the plaintiffs below, are judgment creditors of M. J. Hurley, the judgments having been recovered in the courts of St. Louis, Missouri, and in a Federal district court in that State, and the suits were brought to enforce these judgments in this State. Hurley is a nonresident of the State of Arkansas, and, upon filing the suits on these judgments, the plaintiffs caused attachments to be issued against certain lands in Poinsett County, it being alleged that Hurley was the owner of the lands attached, but that, to defeat his creditors in the collection of their debts, he had caused the title to the lands to be taken in the name of Ellen C. Clark, *née* Hurley, his niece. There were five of these suits, and in each case plaintiff gave a bond to pay all damages which might be sustained by reason of the attachment, if the order therefor was wrongfully obtained, in a sum not to exceed one thousand dollars.

Mrs. Clark filed an intervention in each case, alleging ownership of the lands under a deed to her in October, 1917, and there was a motion to dismiss the attachments on account of the insufficiency of the attachment bonds, it being insisted that there should be no limitation of the liability of the sureties.

The defendant objected to the consolidation of the cases in the court below, and a record was made up in each case, but they have, however, by permission of this court, been consolidated for hearing here, as the issues appear to be substantially the same in all cases.

Mrs. Clark's father died while she was an infant, and her father intrusted the care of her person and estate to his brother, the defendant, M. J. Hurley, and the relation between Hurley and his niece has since been as close and as confidential as that of parent and child, and it is now insisted by Hurley that he bought the lands attached with funds belonging to Mrs. Clark, and that they are in truth and in fact her property.

The causes were transferred to the chancery court, and, in an elaborate review of the testimony, the court found the fact to be that Hurley was the lawful owner of the lands, and that the title thereto had been taken in the name of Mrs. Clark to defraud his creditors, and rendered decrees accordingly, except that, as to one of the plaintiffs, there was a decree in favor of the defendants, and no appeal has been prosecuted from that portion of the decree.

It is earnestly insisted that the cases should be reversed because the bonds were not conditioned as required by § 498, C. & M. Digest. The statute referred to does provide that a bond shall be given to pay all damages upon suing out an attachment, and the bonds filed by the plaintiffs did limit the liability of the sureties thereon to a thousand dollars in each case. But we think this defect did not operate to defeat the jurisdiction of the court. The lands were wild and unoccupied, and the defendants were all nonresidents, which was, of course, a

ground for attachment if the judgments sued on were in fact valid, and there were five of these bonds, each for a thousand dollars. Notwithstanding the fact that the court may have thought these bonds were sufficient to cover any damage which could possibly have accrued, bonds should have been required which conformed to the statute. It appears, however, as has been stated, that Mrs. Clark filed interventions, and the causes were transferred to equity, where they were tried as suits to uncover property held in trust to defraud creditors, and *lis pendens* notices were filed, which operated as attachments so far as the transfer of the title was concerned, as the attachments were sued out for the purpose of preventing any one from acquiring the title under the claim of being an innocent purchaser. Indeed, J. F. Garner, one of the parties to this litigation, took a deed from Mrs. Clark after the filing of the *lis pendens* notices, but his purchase was, of course, subject to the final decree of the court, and it is not insisted that this purchaser acquired any greater rights than those of Mrs. Clark.

The causes were tried as suits in equity to uncover a secret trust, and the court found that the testimony warranted that relief, and granted it.

For the reversal of these decrees it is strongly insisted that the foreign judgments were not properly proved, and that the testimony did not warrant the finding that Hurley was the owner of the lands.

Upon these questions it must be said that the record in the combined cases, which is very voluminous, has not been sufficiently abstracted for us to pass upon the merits of those questions. The record has not been abstracted in the manner required by the rules of this court. The brief of counsel is an argument based upon this record, rather than an abstract of the record. Counsel have discussed the testimony without making an abstract of it. For instance, there is set out the objections to the exhibits to the complaints, which appear to have been pleadings filed in the cases, but the exhibits themselves

have not been abstracted, and we cannot tell whether the objections were well taken or not.

The decrees in the cases recite that the cases were heard on certain documentary evidence, some of which, according to appellees, are not only not abstracted but are not even in the transcript; and in appellees' brief many omissions and failures to abstract testimony are pointed out, as is also the failure to even discuss the testimony of certain witnesses heard at the trial. This failure to abstract the record was specifically pointed out by appellees in numerous instances, and these omissions were not supplied by appellees. Appellants have filed a reply brief, which does not supply them or otherwise abstract the record.

In this state of the record we must assume, in accordance with many decisions of the court, that the testimony which was not abstracted would sustain the findings and decrees of the court, and they will therefore be affirmed.