O'DONNELL v. MAGNOLIA PETROLEUM COMPANY.

Opinion delivered March 3, 1924.

1. ATTACHMENT—PRIORITY OF LIEN.—Where, after the institution of an attachment suit against a nonresident defendant, and the levy by the sheriff on certain property of defendant under writ of attachment, a second suit of attachment was instituted against the same defendant and the same property attached, the plaintiff in the first suit acquired a paramount lien on the property, which was not lost by his failure to give the bond required by § 6261 of Crawford & Moses' Digest, before rendition of the judgment.

2. ATTACHMENT—CONSTRUCTIVE SERVICE—PERSONAL JUDGMENT.—The erroneous entry of a personal judgment against a nonresident defendant, on whom constructive service only was had, did not defeat the plaintiff's paramount lien by reason of attachment of such defendant's property.

3. ATTACHMENT—DEFECTIVE AFFIDAVIT.—The paramount lien by reason of a prior attachment of the property of a nonresident defendant is not defeated by defects in the affidavit for attachment where such affidavit is substantially in the language of the statute and sufficient to form a basis for the issuance of the writ.

Appeal from White Circuit Court; *E. D. Robertson*, Judge; affirmed.

STATEMENT OF FACTS.

On the 28th day of January, 1922, F. C. O'Donnell brought suit by attachment against Chas. H. Sevick in

the White Circuit Court. The complaint alleges that the defendant is indebted to the plaintiff in the sum of $1,334.06, and that the defendant is a nonresident of the State of Arkansas. The prayer of the complaint is for judgment against the defendant for said sum, and the issuance of an order of general attachment.

An order of attachment was duly issued and levied on certain property of the defendant on the 31st day of January, 1922.

On the 22d day of April, 1922, the plaintiff filed a petition asking for a sale of the attached property, because part of it was live stock and expensive to feed, and the other attached property was depreciating in value. The circuit judge made an order of sale, as requested in the petition. The attached property was duly advertised for sale by the sheriff, and sold by him to the highest bidder. The sheriff made a report of his proceedings to the circuit court, and the sale of the attached property was duly confirmed on July 25, 1922.

Subsequently the Magnolia Petroleum Company was allowed to file an intervention in the suit.

The Magnolia Petroleum Company alleges that the defendant, Chas. H. Sevick, was indebted to it in the sum of $794.68, which was due and unpaid on the 24th day of January, 1922; that on said date it filed a suit in attachment against said Chas. H. Sevick, on the ground that he was a nonresident of the State, and asked for judgment for the amount of said indebtedness; that on said 24th day of January, 1920, an order of general attachment in said suit was issued and delivered to the sheriff of White County; that on the 25th day of January, 1922, said writ of attachment was levied by the sheriff on certain personal property of the defendant, and that the attachment in the present suit was issued on a later date and levied on the same property.

The prayer of the intervener is that the sheriff pay over to it the amount of the proceeds from the sale of the attached property, which is less than the amount of

the judgment and costs in the attachment suit of the Magnolia Petroleum Company against Chas. H. Sevick.

The judgment in the case at bar recites that it was submitted to the court upon the pleadings and proceedings in the two attachment suits above referred to, and these pleadings and proceedings are specifically designated in the judgment.

The circuit court found that the intervener, Magnolia Petroleum Company, had a prior lien on the attached property for the amount of its judgment against Chas. H. Sevick. The judgment further provides that, if Chas. H. Sevick shall not have appeared and made defense as provided by the statute within said time, the sheriff of White County shall then pay to the intervener, Magnolia Petroleum Company, $800, being the proceeds of the sale of said attached property.

F. C. O'Donnell, the plaintiff in the present case, has duly prosecuted an appeal to this court.

*Brundidge & Neelly,* for appellant.

1. The defendant was a nonresident. No bond was filed before judgment as required by C. & M. Digest, § 6261, subdiv. 2. The statute must be strictly followed. 63 Ark. 156; 40 Ark. 130.

2. The affidavit is not sufficiently definite. The law requires that the affidavit shall state what grounds the plaintiff relies upon to sustain it.

3. No valid judgment was entered in the case of the Magnolia Petroleum Company, upon which this intervention was based. There being no valid judgment in the face of the record, and if no errors appear here, the junior attacher has the right to dispute the legality of the first attachment. · C. & M. Digest, § 544; 57 Ark. 546.

*Avery M. Blount* and *John E. Miller,* for appellee.

There being no motion for new trial in this case, and no bill of exceptions, no review is proper except upon the face of the record, and, if no errors appear there, the judgment must be affirmed. 140 Ark. 218, 230; 129 Ark. 217-18; 139 Ark. 408-16; 154 Ark. 151-55; 150 Ark. 122-26.

Hart, J., (after stating the facts). A reversal of the judgment is first sought on the ground that Chas. H. Sevick is a nonresident of the State, and that the Magnolia Petroleum Company did not file the bond provided by § 6261 of Crawford & Moses' Digest before it obtained judgment against Sevick in its attachment suit.

The ground of the attachment of the Magnolia Petroleum Company against Sevick was that he was a nonresident of the State, and constructive service was had upon him.

Section 6261 provides that, before judgment is rendered against a defendant constructively summoned, who has not appeared, it shall be necessary that a bond be executed to such defendant by the plaintiff, to the effect that, if the defendant, within the time prescribed by law, shall appear, make defense and set aside the judgment, the plaintiff shall restore to him the property taken under the attachment and pay to the defendant such sum of money as may be awarded him. The bond required by this section of the statute was not given by the Magnolia Petroleum Company before the judgment in its favor against Sevick in the attachment case, but it was given after the judgment had been obtained.

It is true that the statute should have been complied with and the bond given before judgment, but the Magnolia Petroleum Company did not lose its lien under the attachment because it failed to give the bond at the time required by the statute. The writ of attachment was issued and delivered to the sheriff of White County on the 24th day of January, 1922, in the case of Magnolia Petroleum Company against Chas. H. Sevick. The writ of attachment in the case of O'Donnell against Sevick was not issued until the 28th day of January, 1922. Therefore the writ of attachment of the Magnolia Petroleum Company was a paramount lien on the attached property, and it was not lost by the failure of the Magnolia Petroleum Company to give the bond required by § 6269 before the rendition of the judgment in its attachment case.

Again, it is claimed that the judgment in the present case should be reversed because the court erred in rendering a personal judgment in the attachment case in favor of the Magnolia Petroleum Company against Chas. H. Sevick. Constructive service was had in that case against Sevick, and it is claimed that it was error to render a personal judgment against Sevick in favor of the Magnolia Petroleum Company.

An error in this respect would not cause the Magnolia Petroleum Company to lose its lien secured by the issuance and levy of the writ of attachment in that case. The court sustained the writ of attachment, and the lien obtained by the issuance and the levy of the writ still continues.

It is next insisted that the affidavit for attachment made by the Magnolia Petroleum Company against Sevick was defective in some respects. It need only be said, in this connection, that, even if the affidavit was irregular, it was substantially in the language of the statute and was sufficient to form the basis of the issuance of the writ of attachment and its levy upon the property of the defendant in the attachment suit. Hence the lien was not lost on account of any mere defect in the affidavit for the attachment.

It results, from the views that we have expressed, that, even if the pleadings and other proceedings in the attachment suit of the Magnolia Petroleum Company against Chas. H. Sevick are properly in the transcript in this case, the judgment of the circuit court was correct.

It is admitted by counsel for appellee that the proceedings in the attachment case of the Magnolia Petroleum Company against Chas. H. Sevick are in the transcript, but it is insisted that they have not been properly brought in the record. Without deciding that question, we have treated them as being properly in the record, and are of the opinion that the judgment should be affirmed on the merits of the case.

It is so ordered.