SELLERS v. BOWIE.

Opinion delivered April 6, 1931.

*H. G. Wade,* for appellant.

*Haynie, Parks & Westfall,* for appellee.

Kirby, J. This suit was begun in the justice court for enforcing a landlord's lien for rent against the crop produced by appellant upon certain lands.

The affidavit was made by one H. H. Bowie, who brought the suit as "agent for the Bilcie Yancy estate," and was in form of the affidavit required by the statute in such cases. A bond was given as required for general attachments, and either a general attachment or an order for delivery was issued and levied upon the property. The pleadings at first did not contain the name of appellant, but were later amended to do so. Ed Sellers, appellant, executed a bond to discharge the attachment, agreeing to perform the judgment of the court, with H. H. Wade and A. J. Watts as sureties and retained possession of the cotton. He also filed a motion to quash the writ in the justice court, which later was renewed by him on appeal in the circuit court and overruled. The affidavit was treated as amended before the trial in the justice court changing the agency of the plaintiff H. H. Bowie to show that he was "the agent of the heirs of Dilcie Yancy," rather than of her estate. The death of Bowie was later suggested, and the suit continued in the name of the real parties in interest.

The circuit court rendered judgment against appellant, Sellers, and the bondsmen from which appellant only prosecutes this appeal.

Only two assignments of error are urged for reversal; first that appellees, having failed to file in the first instance the bond required for specific attachments under the landlord's lien statute and not having filed the

affidavit required for the issuance of a general attachment, were entitled to neither a specific nor a general attachment, and that the court erred in not so holding and quashing the writ.

The pleadings and affidavit were so amended as could be and was done to include the name of appellant before the trial. *Rogers* v. *Cooper*, 33 Ark. 406; § 565, Crawford & Moses' Digest. See also *O'Donnell* v. *Magnolia Petroleum Co.*, 163 Ark. 357, 258 S. W. 981; *Hurley* v. *Bryan*, 160 Ark. 277, 254 S. W. 694.

There was a writ issued for enforcement of the lien after bond made, and upon the levy of which the bond to discharge the attachment was given. There is no contention made that the amount sued for and claimed as rent due had been paid or was not due, nor that the order of attachment or writ issued was not properly executed against the property, upon which the lien was sought to be enforced, and it is conceded that the bond to perform the judgment of the court was given, the attachment discharged, and the property upon which the writ had been levied restored to the possession of the appellant.

Upon the execution of this bond the attached property was retained by appellant, and it is not disputed either that the grounds for the attachment did not exist or that the amount claimed to be due, and for which the attachment was issued, was not owed by appellant, as the jury found, and the obligors of the bond became bound to pay the judgment recovered in the action. *Ferguson* v. *Glidewell*, 48 Ark. 195, 28 S. W. 711.

Proper affidavit for attachment against the specific property for enforcement of the lien was made, and there was no levy or attempted levy of the writ made against any other or the general property of appellant, as was done in the case of *Edwards* v. *Cooper*, 28 Ark. 466, which has no application here.

Affirmed.