M. GOLDEN & COMPANY v. THE CITY OF GUTHRIE *et al.*

1. OCCUPATION TAX—*Valid Ordinance—Enforcement*. Injunction will not lie to restrain a city and its proper authorities from proceeding to enforce and punish by fine and imprisonment, the violation of an ordinance which provides that before any person shall conduct a private or public auction, or conduct the business of selling bankrupt or other stock of goods at public or private auction, such persons shall pay the sum of five dollars per day to the city treasurer for each day such business is carried on, and that the violation thereof shall be considered a misdemeanor and shall be punished by fine and imprisonment.

2. SAME—*Proceeding—Remedy*. Such proceeding is *quasi* criminal in its character, and for this reason the equitable jurisdiction will not be exercised by injunction, and, in the second place, its validity may be tested by a direct appeal from the decision of the police court. If the ordinance is invalid, it will constitute no defense in an action for damages. The plaintiff in error has a plain, adequate and complete remedy at law, and there is no ground for the interference of equity.

*Error from the District Court of Logan County.*

*Harper S. Cunningham,* for plaintiffs in error.

*B. T. Hainer* and *Green & Strang,* for defendants in error.

The opinion of the court was delivered by

McATEE, J.:   This action was begun by the plaintiff company, (plaintiffs in error here), to enjoin the city of Guthrie and others, its officers, the defendants in error, from enforcing a city ordinance providing for the payment of occupation taxes upon auctioneers and merchants, who engage in the sale of merchandise at public auction.   The case was tried in the court below on a demurrer to the petition, upon the ground that the petition did not state facts sufficient to constitute a cause of action.   The court sustained the demurrer, and the plaintiff in error assigns error in such ruling.

The petition alleges the co-partnership of the plaintiff, describing their business as that of retail dealers in merchandise, doing business in the city of Guthrie; that as such retail dealers the city of Guthrie exacted from them, and they paid to it, a license tax of twenty-five dollars for the privilege of carrying on the business in that city during the month of January, 1895, and that upon the 1st day of February, thereafter, the city exacted from them, and they paid to it, a license tax of twenty-five dollars for carrying on their business for the month of February, 1895, and while the plaintiff firm held such license from the city, and expecting to be allowed to use the same, they made large purchases of goods, wares and merchandise to replenish their former stock of merchandise, and at the times therein mentioned had on hand a large stock of goods, wares and merchandise for sale at their place of business; that on the 7th day of February, 1895, the city of Guthrie, by its mayor and council, by resolution,

revoked the said license tax certificate so issued to plaintiffs for the month of February, without notice to the plaintiffs, and without cause or excuse therefor, and thereupon passed an ordinance taxing the business of plaintiffs at the rate of eighteen hundred dollars per annum. and providing severe penalties for a violation thereof, and immediately thereafter arrested and fined the plaintiffs for carrying on their business in violation of the terms thereof, which cases the plaintiffs duly appealed to the district court; that as soon as the city ordinance went into effect the plaintiffs duly made their application thereunder, and as required by §§ 2 and 3 of said ordinance, and were informed that they would be required to pay a license tax of four hundred and twenty dollars for the balance of the current year, ending April 30, 1895, and that the license would not be issued for a less sum for said time; that plaintiffs tendered to said city government the sum of six dollars, as merchants, and fifteen dollars as auctioneers, as license tax for their said business for said unexpired year, which sums were the full amount of license exacted from any merchant or auctioneer doing business in said city; that said sums were by the said city government rejected and refused, and that said ordinance had been passed at the instigation, and upon the petition, of the competitors in business of plaintiffs, and for the express purpose of closing up, and forcing them to go out of their business as retail dealers; that the business engaged in by the plaintiffs was an honest business, and was so recognized by all men, and that the exaction by said city of Guthrie of a license tax of more than eighteen hundred dollars per annum would effectually prohibit and close up their business; that said business was a permanent business, and was organized for the purpose of carrying on a permanent auction store; that said tax was oppressive and unjust, and many times greater

than that required to be paid by any other business; that plaintiffs had no adequate remedy at law; wherefore they prayed for a temporary injunction.

The authority of the city government of the city of Guthrie to impose the license tax referred to arises under § 6 of the Organic Act of the Territory of Oklahoma, p. 41 of the Oklahoma Statutes, 1893, which provides as follows:

"The legislative power of the territory shall extend to all rightful subjects of legislation, not inconsistent with the Constitution and laws of the United States; * * * *Provided*, That nothing herein shall be held to prohibit the levying and collecting license or special taxes in the territory, from persons engaged in any business therein, if the legislative power shall consider such taxes necessary."

The authority here given to the legislature was, by ch. 14, art. 3, § 19, p. 169, Oklahoma Statutes, 1893, deputed to cities of the first class, as follows:

"The city council shall have authority to levy and collect a license tax on auctioneers, * * * merchants of all kinds." * * *

And by § 20, that

"All license taxes shall be regulated by ordinance. * * * No license shall be issued until the amount prescribed therefor shall be paid to the city treasurer."

The ordinance referred to was enacted by the city council of Guthrie, on the 7th day of February, 1895, which provides that:

"SEC. 1. Before any person or persons, firm or corporation shall sell, or expose for sale, at public or private auction in the city of Guthrie, any bankrupt or other stock of goods, wares or merchandise; and before any merchandise of any character whatever shall be exposed for sale at public or private auction by any person or persons, firm or corporation in said city, the owner or owners thereof shall first obtain and take out a license for the sale of such goods,

wares or merchandise at public or private auction, and shall pay for said license the sum of five dollars per day for each day of continuance of such auction or sale."

"SEC. 2. Any person or persons, firm or corporation desiring to conduct the business of selling bankrupt or other stock of goods, wares or merchandise within the corporate limits of the city of Guthrie, at public or private auction, shall first pay to the city treasurer of said city the sum of five dollars for each day said business shall be carried on."

"SEC. 6. Any person or persons, firm or corporation violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof in the police court shall be fined not less than than twenty-five dollars and not more than one hundred dollars and by imprisonment in the city jail not exceeding ninety days, at the discretion of the court, for each offense."

It is argued by defendants in error that the trial court was without jurisdiction to restrain the defendants in error. by injunction, from the enforcement of the municipal ordinance by arresting and fining the plaintiffs for carrying on their business in violation of the terms of the ordinance.

The plaintiffs in error appear to have disregarded the ordinance, for, as stated in their petition, they were immediately "arrested and fined for carrying on their said business in violation of the terms of the ordinance, which cases the plaintiffs duly appealed to the district court."

Upon this appeal the plaintiffs in error have a right to draw into question the authority of the municipality of the city of Guthrie to pass the ordinance here in question, and they may have the validity of the ordinance passed upon.

If the ordinance is invalid they are also entitled to their action for damages at law, against those responsible for the imposition of the fine, for the prosecution,

for the delay and damage to their business, and for such other injuries as have been inflicted upon them by such prosecution. And if invalid, it will furnish no defense to the defendants in error, either in the appeal to the district court, or in such action for damages as the plaintiffs in error may be entitled to, if it should, in such appeal and action for damages, appear that the imposition of the license tax and the arrests were without authority of law, and that there was no warrant or justification for such prosecution.

The validity or invalidity of the ordinance is a question of law which the court, sitting to pass upon the appeal from the police court, is fully competent to decide. In an action for damages, if the plaintiffs in error have been wronged by having their business broken up or by reason of personal inconvenience or injury from the actions, they may have an adequate remedy for damages which they cannot have in such a case as the present, and under the equitable jurisdiction of the court.

To have the determination of the present prosecution in the district court, where it is now appealed, together with their action for damages, would seem to constitute a plain, adequate and complete remedy at law. The existence of such a remedy has always precluded the exercise of the equitable jurisdiction. It is unnecessary to cite authorities upon this proposition.

It was enacted into positive law by the congress of the United States in the Judiciary Act, as long ago as 1793, and it has been incorporated in the Revised Statutes of the United States in § 723, in a declaration that, "Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate remedy may be had at law," and is illustrated by the declaration of the plaintiffs' petition that they have "no adequate remedy at law."

Neither can the equitable jurisdiction be invoked to

restrain any criminal or quasi-criminal proceeding, or take jurisdiction of any case or matter not strictly of a civil character.

It is said by Judge Story in his Equity Jurisprudence, § 893, that,

"The courts of equity will not interfere to stay proceedings in any criminal matters or in any cases not strictly of a civil nature."

There can be no doubt of the character of relief sought in this case. Having been arrested and fined under the ordinance providing severe penalties for the violation thereof, the plaintiffs in error seek a restraining order against the defendants in error, asking that they be prohibited from interfering with the plaintiffs in carrying on their business. The relief here sought is against proceedings which are of a quasi-criminal character.

If the authorities of the city of Guthrie be restrained from prosecuting an ordinance which provides for its enforcement by fine, or fine and imprisonment, it would lie within the power of this court by the exercise of orders of injunction to restrain the enforcement of any or all of the ordinances of the city, upon the application of persons interested in the violation of such ordinances, and who may have become subject, like the plaintiffs in error, to the imposition of such penalties as may be provided in them.

In the language of Chancellor Walworth in *West v. Mayor*, 10 Paige 539, such an interference would be a

"Usurpation of jurisdiction by this court if it should draw to itself the settlement of such questions, when their decision was not necessary in the discharge of the legitimate duties of the court.    *    *

"Their effort to discharge their duty to the public would be rendered unavailing, and the community left at the mercy of the lawless and vicious elements of society, until such time as the question could be settled in the courts of equity. If it should at last be

determined that the ordinance was valid, that the court would be powerless to enforce its provisions, or impose the penalties denounced against its violation, but must remit the cases to the courts of law, which, before the assumption of jurisdiction by the courts of equity, had the right to determine every question submitted to and determined in the equity jurisdiction."

It is said in High Inj., vol. 2, § 1244, p. 820, that,

"Nor will an action for an injunction be entertained to test the authority of the mayor of a city to arrest and fine complainants for carrying on a business in contravention of the city ordinances, and to test the legality of such ordinances, and the proper remedy being by appeal from the judgments imposing the penalties prescribed by the ordinances. And an injunction will not be granted to restrain the prosecution of suits before justices of the peace for violations of city ordinances, when complainant can test the legality and validity of the ordinances by a direct appeal from the decision of the justices. * * * And in such case the relief is properly refused upon the ground that if the act is unconstitutional and confers no power to make the arrest, or if the arrest under the statute is itself unjustifiable or unlawful, the remedy at law by an action for damages is the appropriate means of relief, and there is, therefore, no ground for the interference of equity by injunction."

See also *West v. Mayor*, 10 Paige, 539; *Cohen v. Commissioners of Goldsboro*, 77 N. C. 2; *Burnett v. Craig*, 30 Ala. 135; *Devron v. First Municipality*, 4 La. An. 11; *Levy v. City of Shreveport*, 27 La. An. 620; *Garlside v. East St. Louis*, 43 Ill. 47; *Davis v. American Society*, 6 Daly, 81; *In re Sawyer*, 124 United States, p. 120; *Eldridge v. Hill*, 2 John Ch. Rep. 281; *Suess v. Noble*, 31 Fed. Rep. 855; *Stuart v. Board of Supervisors*, 83 Ill. 341; *Tyler v. Hammersley*, 44 Conn. 419, 422; *Bog v. Detroit*, 5 Mich. 336; *Brewer v. City of Springfield*, 97 Mass. 152.

The court below had no jurisdiction of this case, and its decision will be affirmed.

Dale, C. J., not sitting; all the other Justices concurring.