JAMES THOMPSON v. W. L. TUCKER, ARTHUR CLARK, L. S. OTTO, AND—BERNHARDT *The President and Board of Trustees;* C. F. DYER, *City Attorney* AND NEIL BROWN, *Marshal of the Town of Bridgeport, O. T.*

(Filed September 5, 1905.)

1. INJUNCTION—Not Issued, When. An injunction should not issue in a case at the suit of a party wherein it is shown by the allegations in his petition that he has a legal remedy which is adequate. and sufficient for the protection of his rights.

2. SAME—Violation of Municipal Ordinances. A prosecution for violating a municipal ordinance will not be restrained because of the illegality of the ordinance, since that fact is available as a defense to the prosecution.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before F. E. Gillette, Trial Judge.*

*Dyke Ballinger,* for plaintiff in error.

No appearance for defendants in error.

Opinion of the court by

BEAUCHAMP, J.: This action was commenced by the plaintiff in error against the defendants in error as officers of the town of Bridgeport, for an injunction against the enforcement of an ordinance. In the absence of the judge of the district court, on application a temporary injunction was allowed by the probate judge. Subsequently a demurrer to the petition was sustained, and the temporary injunction dissolved, and exceptions saved. ·Plaintiff in error brings the case here by petition in error and transcript.

It appears from the petition that the plaintiff in error at the time that this suit was commenced, and prior thereto, was in the retail liquor business in the town of Bridgeport; that the defendants are the board of trustees, marshal and city attorney of said town; that the town has passed an ordinance for the purpose of regulating the sale of intoxicating liquors and providing that:

"It shall be unlawful for any person to sell any intoxicating liquors within the corporate limits of the town without first obtaining a license from the board of trustees, and that no license shall be granted until the applicant shall have filed with the town clerk an application in writing accompanied by a certificate of two resident tax payers of the ward that the applicant is a man of good moral character, and competent to conduct the business according to law, and that notice of the application shall be published for one week in a newspaper, and if objections be filed, the same shall be heard and determined by the board of trustees; and if the license shall be granted it shall not issue until the applicant shall have paid the sum of $500; and providing that "any person engaging in the business without first securing a license is guilty of a misdemeanor, and may be fined in any sum not less than $10, and not more than $500. And that a conviction for a violation of the ordinance shall work a forfeiture of any license held by the person convicted."

It is alleged that this ordinance is void, and passed for the purpose of damaging the plaintiff by destroying his business. The only question necessary for our consideration at this time is the sufficiency of the plaintiff's petition.

Conceding for the purpose of this case that the ordinance is invalid as charged, still we think the petition not sufficient to entitle the plaintiff to the relief asked. It will not be questioned that an injunction should not issue where there is a plain and adequate remedy at law, and the real question is,

has the plaintiff according to the allegations of his petition, a legal remedy which is adequate and sufficient for the protection of his rights? If the ordinance is invalid as is claimed by him, that is a defense which can be interposed in any case that may be instituted against him. If he should be prosecuted for a violation of the ordinance, if the ordinance is invalid, this would be a complete defense, and we are unable to see wherein the plaintiff could suffer the irreparable injury claimed by him. The legality or illegality of the ordinance is purely a question of law which it is competent for a court in a proceeding at law to decide. We cannot assume that the courts where the question is properly presented will not decide it correctly. A court of equity will not restrain a prosecution at law when the question is the same at law as in equity. (*Golden & Co. v. City of Guthrie* 3 Okla. 128; *Wallack v. Society,* 67 N. Y. 23.)

The contention of plaintiff is that if the ordinance is void its enforcement should be restrained by injunction, and the principal ground relied upon by him for the injunction is the alleged illegality of the ordinance. It is well settled by a number of well considered cases that, as a general rule, an injunction will not lie to restrain prosecutions under a municipal ordinance upon the mere ground of its alleged illegality, for the reason that the party proceeded against thereunder has a complete remedy at law, because he can avail himself of such illegality as a legal defense in prosecutions thereunder. (*Poyer v. Village of Des Plaines.* 20 Ill. App. 30; *Levy v. city of Shreveport,* 27 La. 620; *City of Denver v. Bude,*[Col.] 54 Pac. Rep. 624; Dill, Mun. Corp. sec. 906 908 note; High on Inj. 2nd ed. sec. 1244; The Modern Law of Municipal Corp. vol. 2 sec. 1623.)

It is argued by plaintiff in error that he has no adequate remedy; that the illegality of the ordinance might be tested by *habeas corpus* proceeding, but before this remedy could be invoked plaintiff must first be humiliated by incarceration in the county jail. By this argument it is apparent that counsel is asking the court to assume that the plaintiff not only intends to violate the ordinance, but that the court that may try the case will not properly decide the law. If the position of the plaintiff in error is correct, that the ordinance is invalid, then he cannot be punished for violation of it, and we must assume that the courts will so decide; if the ordinance is valid, and the plaintiff is guilty of violating it, then he should be punished and he would have no cause for complaint, no matter what hardships might be occasioned. If the plaintiff chooses to take chances on ultimately defeating the ordinance on the grounds of its invalidity, that is no reason for interference by injunction. Our attention has been directed to cases that hold that an injunction will lie to restrain action under a void city ordinance. Upon an examination of the authorities cited, it will be found that the injured party would not only not have an adequate remedy at law, but the enforcement of the void ordinance would result in irreparable injury.

We do not desire to be understood as holding that no case could be presented in which an injunction should be allowed restraining the enforcement of a void ordinance, but as before suggested, we can not assume in this case that the plaintiff will violate the ordinance, and that if he should that the court in which he may be tried for its violation will not hold it invalid, if that question should be raised, nor can we assume that the defendants will confiscate and destroy the property of plaintiff as allowed, for there is nothing in the

ordinance complained of which would justify any such conclusion. We do not desire to be understood as holding that the ordinance complained of is invalid, and we think it unnecessary at this time for the purposes of this case to decide that question.

The judgment of the district court sustaining the demurrer, dissolving the temporary injunction and assessing the costs to plaintiff in error, is affirmed, with costs to plaintiff in error.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.