TURNER *et al.* v. CITY OF ARDMORE *et al.*

No. 2322.    Opinion Filed February 18, 1913.

Rehearing Denied March 17, 1914.

1.    EQUITY—Jurisdiction—Adequate Remedy at Law. Plaintiffs obtained an order restraining the City of Ardmore from prosecuting them for refusing to pay an occupation tax assessed against them by such city. Held, such order was erroneous for the reason that plaintiffs had an adequate remedy under the statutes by appeal from the judgment of the municipal courts.

2.      **SAME.** Courts of equity will not grant relief where complainants have a plain, speedy and adequate remedy for the redress of their wrongs under the law. This doctrine is universally recognized by courts of equity and is founded upon the very sound principle that legislatures have authority to define the rights of citizens and prescribe the rules by which such rights are to be determined, and where it has done so, then litigants have the right to demand that their grievances be determined by the rules prescribed.

(Syllabus by Harrison, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by R. F. Turner and others against the City of Ardmore and others for an injunction. Judgment for plaintiffs, and defendants bring error. Reversed.

*Thos. Norman,* for plaintiffs in error.

*J. B. Moore,* for defendants in error.

Opinion by HARRISON, C. This is an action wherein R. F. Turner and some eighteen other resident attorneys of the City of Ardmore sued to enjoin the municipal court of such city from prosecuting them for refusal to pay an occupation tax of $5 each assessed by the city against each practicing attorney. The application was heard, and order of injunction granted by the judge of the district court May 31, 1910, and from the order of injunction, the city of Ardmore appeals.

The question whether the court was authorized to grant the prayer for the injunction depends in this case solely upon the ground whether or not the plaintiffs had an adequate remedy at law for the things complained of. We hardly feel disposed to treat the question of the validity of the ordinance imposing the license tax as properly before the court. The petition for the injunction seems to be based more upon the ground that petitioners had been arrested and were being prosecuted by the municipal court for failure to pay such tax, and the court seems to have granted the order upon this ground.

Now if plaintiffs had been arrested for refusal to pay an illegal tax, and such tax were in fact illegal, and such plaintiffs were being prosecuted for refusal to pay same, this would con-

stitute sufficient grounds for an injunction against the city, provided the applicants had no adequate remedy at law for relief from the abuses complained of. But if they had an adequate remedy under the law, and in the courts of law, then a court of equity was not authorized to intercede and grant relief until the rights of the parties had been determined under the law or until their remedy under the law had been exhausted. If plaintiffs had been wrongfully arrested under process issued from the municipal court and were being prosecuted or threatened with prosecution in such court for the violation of an invalid ordinance, section 746, Comp. Laws 1909 [Rev. Laws 1910, sec. 659], affords a plain, specific, speedy, and adequate remedy for redress of such wrongs by appeal to the district court, where the legality of the tax and the prosecution could both have been determined, and the rights of the parties adjudicated, and having such remedy at law, the petitioners should have resorted to a court of law for redress of their wrongs. A court of equity will not grant relief in such matters where an adequate remedy is provided by law. *Golden v. City of Guthrie,* 3 Okla. 128, 41 Pac. 350; *Wallace v. Bullens,* 6 Okla. 17, 52 Pac. 957; *Thompson v. Tucker,* 15 Okla. 486, 83 Pac. 413; *Smith v. Board of Com'rs,* 26 Okla. 819, 110 Pac. 669; *Fast v. Rogers et al.,* 30 Okla. 289, 119 Pac. 241.

This doctrine is founded upon the very sound principle that the Legislature has authority to define the rights of citizens and prescribe the rules by which such rights are to be determined; and where it has done so, then litigants have the right to demand that their grievances be determined by the rules prescribed.

In the case at bar, the plaintiffs showed by their petition that they had a remedy at law of which they had not availed themselves. It is true that they alleged "that said city has heretofore declined and refused, and will in the prosecution against these defendants, decline and refuse, to allow these plaintiffs a trial by jury; and said city has declined and refused, and will in the prosecution against these plaintiffs, decline and refuse, to allow an appeal from whatever decision the judge of said mu-

nicipal court may render." These allegations are not sufficiently definite and certain upon which to base equitable relief. It is true, also, that plaintiffs alleged that they had no adequate remedy at law, but such allegation does not destroy nor affect the remedy which the law provides. The allegations disclose a state of facts for redress of which the law prescribes a remedy as above stated. Hence, mere allegations that they had no adequate remedy at law would not warrant the intercession of a court of equity unless such allegations were true.

Therefore, the judgment of the trial court should be reversed, with instructions to dissolve the injunction.

By the Court: It is so ordered.