## SIMMONS v. SANDERS et al.

No. 11225—Opinion Filed Jan. 8, 1921.

(Syllabus by the Court.)

**1. Injunction—Enforcement of City Ordinance—Irreparable Injury.**

Where the enforcement of a city ordinance is attacked by appeal to the district court on the ground of the invalidity of the ordinance, injunction will not lie to restrain enforcement of such ordinance pending appeal unless it appears that complainant is in immediate danger of irreparable damage pending such appeal.

**2. Same—Adequate Remedy at Law.**

A court of equity will not lend its powers to enjoin the enforcement of a city ordinance pending an appeal wherein the validity of such ordinance is attacked and wherein complainant has adequate remedy at law.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by J. A. Simmons to enjoin J. B.

Sanders and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Mathers & Coagley, for plaintiff in error.

R. A. Baird and Jack Hyde, for defendants in error.

HARRISON, J. This is an appeal from an order of the district court, refusing to grant an injunction to restrain the enforcement of a city ordinance of the town of Healdton; the ordinance in question being to regulate the licensing of pool and billiard halls, and to provide penalties for violation of same; the suit being to enjoin the town from enforcement of said ordinance.

It appears from the record that plaintiff in error, Simmons, had been arrested and convicted of violating said ordinance by allowing boys under 18 years of age to loiter around and in his pool hall, and of operating such pool hall without a license.

It appears, also, that he had appealed from the judgment of conviction upon the grounds that the ordinance was invalid for the following reasons:

"Same was not legally passed or adopted and is not in force. (The meeting at which same was passed was not legally called or held and was not adopted by legally qualified officers of said town). (Said ordinance is discriminatory in nature and purpose for the reason that same was passed for the sole and only purpose of preventing plaintiff from operating a pool hall and for the purpose of protecting two other pool halls which were already in operation at the time of the adoption of said ordinance.) Said ordinance is void for the reason it delegates to the clerk of said town judicial and discretionary authority to issue license to certain persons and refuse same to others.

"Said ordinance is not a legal and reasonable exercise of the powers granted to said town to regulate pool halls. Said ordinance grants to the clerk of said town unreasonable and arbitrary powers"

—and that such appeal is now pending in the district court of Carter county.

His right to injunction, therefore, depends upon two propositions:

(1) That adequate remedy for testing the validity of said ordinance is afforded in his appeal to the district court, which is now pending and undetermined.

(2) Whether he was in immediate danger of suffering irreparable injury and damage pending final determination of his said appeal.

As to the first proposition, it has been held by this court that a court of equity will not lend its powers to enjoin the enforcement of a city ordinance pending an appeal wherein the validity of such ordinance is attacked, and wherein complainant has an adequate remedy at law. See Golden et al. v. City of Guthrie et al., 3 Okla. 128, 41 Pac. 350; Thomson v. Tucker et al., 15 Okla. 486, 83 Pac. 413; Yale Theater v. City of Lawton et al., 35 Okla. 444, 130 Pac. 135; Turner et al. v. City of Ardmore et al., 41 Okla. 660, 130 Pac. 1156.

Many other authorities directly in point on this question may be found among the decisions of other states.

As to the second proposition, it is not shown that plaintiff in error was in any immediate danger of sustaining irreparable injury pending his said appeal.

Said ordinance appearing to be valid on its face, and the question of its validity being still pending and undetermined, and it appearing that there was no danger of immediate damage by the enforcement of said ordinance, pending the determination of its validity, it was not error to refuse the injunction, and the judgment of the trial court refusing same is affirmed.

RAINEY, C. J., and PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur; KANE, BAILEY, and COLLIER, JJ., not participating.