## CALLISON v. KIRKPATRICK, County Atty., et al.

No. 19556. Opinion Filed Sept. 30, 1930.

Wash E. Hudson, for plaintiff in error.

Byron Kirkpatrick, County Atty., Hugh Webster, Asst. County Atty., M. C. Spradling, City Atty., and Eben L. Taylor, Asst. City Atty., for defendants in error.

BENNETT, C. This is an appeal to reverse the judgment of the district court of Tulsa county, Okla., sustaining general demurrers of the defendants, and dismissing plaintiff's petition, for the reason that the same failed to state facts sufficient to constitute ⌐ cause of action.

W. E. Callison, plaintiff in error, as plaintiff below, commenced this action in the district court of Tulsa county, Okla., against the defendants, praying that they, and each of them, be enjoined from interfering with the operation by plaintiff of certain vending machines, hereinafter more fully described. The defendants were the county attorney and the sheriff of said county and certain peace officers of the city of Tulsa.

Upon presentation of plaintiff's petition, a temporary restraining order was issued, and a certain date fixed for hearing on temporary injunction, but before the arrival of such date, the defendants interposed demurrers to plaintiff's petition upon the grounds of want of jurisdiction of the subject-matter and insufficiency of plaintiff's petition to show any right to the relief demanded. Upon the hearing the court sustained the demurrers, dissolved the temporary restraining order and dismissed the action, from which plaintiff appealed.

This presents for our consideration the sufficiency of the petition. In substance, it is alleged that plaintiff was a sole trader, doing business under the name of Lone Star Sales Company; that such business was the buying and selling of confections of high quality throughout the city, the township, and county of Tulsa, and using for that purpose certain automatic confection vending machines, and that plaintiff had invested considerable money in such confections and machines; and that the latter were not gambling devices. These machines are described as about the size of an ordinary cash register and are operated as follows: A five-cent coin is placed in the slot, a lever is pulled and a five-cent package of candy is thrown out; there are certain amusement features connected with the machines, involving the operation of certain metal discs, on which are various word combinations, some of which are in verse foretelling the fortune of the customer, while others are of a horoscopic nature; that when all three discs come to a rest, they usually form complete sentences. This is supposed to represent the amusement feature, and is an advertising medium. In addition to the confection vended, the machines display metal rings, or slugs, which, the petition says, are issued for amusement only, and a notice to that effect appears on the machines.

The plaintiff alleges, further, that defendants will, and are about to; charge that said machines are instrumentalities used in the commission of a crime, and, on that account, they are about to seize and hold the same until the determination of the charge, and that this will deprive the plaintiff of his property in violation of the Fourteenth Amendment to the Constitution of the United States, and in violation of the Constitution of Oklahoma; that the plaintiff has no adequate remedy at law, and that such seizure of the machines, if permitted, will work irreparable injury and damage to plaintiff.

The demurrers interposed are to the effect that the court has no jurisdiction over the

subject of the action and that the facts set forth are insufficient to show a right of recovery. Does this petition state a cause of action?

It should be observed, first, that while the statute is not mentioned, it is obvious that the anticipated action of the defendants, sought herein to be restrained, is that contemplated in section 1930, C. O. S. 1921, which reads as follows:

"Any person who is authorized or enjoined to arrest any person for a violation of the provisions of this article, is equally authorized and enjoined to seize any table, cards, dice or other articles or apparatus suitable to be used for gambling purposes, found in the possession, or under the control of the person so arrested, and to deliver the same to the magistrate before whom the person so arrested is required to be taken."

It should be noted, also, that neither the constitutionality nor the validity of this section is attacked, unless it should be said that that part of the petition which alleges that if the defendants should make a seizure, the same would be illegal and would work great and irreparable damage to the plaintiff, is such an attack, and, for the reasons hereinafter set forth, we hold that such was not the meaning of said allegation in the petition.

The question then narrows down to whether or not the court, under its equity power, should have enjoined the law enforcement officers of the city and county of Tulsa from performing their duties under this valid statute. Said section 1930, C. O. S. 1921, is found in chapter 6, entitled "Crimes Against Public Decency," and under article 40, entitled "Gambling." If any gambling were done, or if any crime were committed under the facts of this petition, it was through the instrumentality of these vending machines. The plaintiff was not present, nor was he shown to have performed any direct affirmative act in the matter, except to set up in public places machines herein charged to be gambling devices. If, in fact, the constitutionality or validity of said section had been assailed, it would have been vain, for the legality of such statutes has been dealt with often by our courts, both state and federal.

It has generally been assumed to be the duty of our courts of equity to aid, rather than to usurp, the jurisdiction of our criminal courts in the administration of the criminal law. It is also elementary, we think, that the jurisdiction of our courts of equity, unless enlarged by express statute, is, in large measure, confined to the protection of rights of property. They have no general jurisdiction over the prosecution, or the punishment, of crimes and misdemeanors. To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for punishment, is to invade the domain of the courts of criminal law, or of the executive and administrative departments of government. The defendants here represent the state in these prosecutions, if undertaken, for they are state cases involving the violation of a state statute.

It is true that a majority of the courts have held, and we think properly, that it is proper for a court of equity to enjoin a county attorney, or a sheriff, or other peace officer, generally, from arresting or interfering with any person under the provisions of an act which is unconstitutional or void. The reason, we think, for this is obvious. No man should be interfered with, either in his person or in his property, under color of a void statute, nor should any public officer attempt to enforce the provisions of any such void statute; but when such officer undertakes to carry out the provisions of a valid statute, intending to either prevent or punish crime, he acts for the whole people; and for a court of equity to paralyze his arm by assuming to itself the right to dispose of the controversy on an application for injunction is contrary to the scheme of our judicial procedure. If the defendants in this case may enjoin the seizures of property used in, and for, the commission of a crime, certainly the same court, upon the same showing, may enjoin the county attorney, sheriff, and other peace officers from arresting, indicting, or filing information against the property owner upon the same ground, and thus we are faced with the spectacle of having defendants, properly chargeable with criminal offenses, tried, in effect, by a court of equity upon an application for an injunction, while our criminal courts, constituted solely for the purpose of handling such cases, are preempted of their proper jurisdiction.

Plaintiff contends that equity should assume jurisdiction because there is no adequate remedy at law for him. It seems to us that the same law which protects one charged with a criminal offense is effective in plaintiff's behalf. He can make his answer to the court where he is charged and if he be not guilty, both he and his property will be released and discharged. On the other hand, if it should be said that the plaintiff was entitled, at any rate, to the possession of his property, the ready answer is that he has no vested right in the use of, or the proceeds of, property operated in de-

fiance of the criminal laws of this state. If it should be said that the plaintiff should be entitled to his injunction in order to avoid multiplicity of suits, the answer to that contention is that such must depend upon the decision of the plaintiff himself; if he elect to operate a gambling device and is criminally charged, he may cease operations. It is not compulsory that he do so, but if he fail to do so, he incurs the hazard of being charged again and again. That is not peculiar to this or any other offense. If the plaintiff in fact violates the gambling statute, he runs the risk of not only punishment, but such incidental loss as may accrue from being deprived of his apparatus used in carrying on the prohibited act. We think it clear that the petition states no cause of action. We are not without authority to support our decision.

There may be found a full discussion of the many phases of the points raised here in the case of Shuman et al. v. Gilbert, 229 Mass. 225, 118 N. E. 254, Ann. Cas. 1918E, 793. In Sullivan et al. v. San Francisco Gas & Elec. Co. et al., 148 Cal. 368, 83 Pac. 156, the following rule is laid down:

"There is no rule which permits a person to substitute a court of equity for the courts of law in the decision of such matters of fact, and by anticipatory action therein, take from the regularly constituted criminal courts their jurisdiction of the particular offense in question."

In that case the court said:

"The case of plaintiffs, therefore, is an application to a court of equity for an injunction to prevent the officers and courts of a municipality, and the person whose property is injured, from instituting, entertaining or maintaining criminal prosecutions against the plaintiffs for alleged violations of the valid criminal law of the state."

The court, in their opinion, says:

"The objection apparently sought by the suit is a judicial determination of these questions in a court of equity, to be used as a precedent in the criminal courts upon the trial of prosecutions under section 593, or which would have the effect of deterring the defendants from beginning such prosecutions. The superior court is as competent to decide such questions when sitting as a criminal court in the trial of a criminal case as it would be upon the trial of a suit in equity, and there is no reason why the plaintiffs should not be restricted to the criminal courts for the preservation of their rights, and the maintenance of their defenses. However desirable and beneficial such a determination by a court of equity would be, it gives no right to invoke equity jurisdiction."

The same doctrine is announced in P. E.

Harris & Co. v. O'Malley et al., 2 Fed. 810. See, also, Ex parte State ex rel. Martin, Attorney General (Ala.) 75 So. 327.

There is a complete discussion of the same question in Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535. In the case of Caille Co. v. Haager, Chief of Police, et al. (Ky.) 50 S. W. 244, certain gambling devices were seized by the officers, and the court, in the opinion, said:

"Further, it is our opinion that this case does not present a state of facts which would authorize the chancellor to interfere with the execution of the criminal law of the state by the appellees, who are its officers. The proper construction of the statutes under which it is claimed by the officers that the machines were, in fact, gambling contrivances, must, in the nature of things, belong to the criminal courts. The questions present are important, and doubtless there are, as counsel suggests, strong reasons why prompt settlement of them should be had; but this settlement should be made in the proper tribunals. We are, of course, not to be understood as intimating that the machines mentioned in the record are such as are, or are not, denounced in the criminal statutes. We must, therefore, overrule the motion of the appellant, and affirm the judgment of the chancellor refusing the relief prayed for in the petition."

A very learned discussion of the same matter may be found in Milton Dairy Co. v. Great N. Ry. Co. (Minn.) 49 L. R. A. (N. S.) 951. See, also, Thompson v. Tucker, 15 Okla. 486, 83 Pac. 413, and Golden & Co. v. City of Guthrie, 3 Okla. 128, 41 Pac. 350.

Our own court has passed on this matter in the case of Stout et al. v. Pardoe, County Attorney, et al., 128 Okla. 3, 261 Pac. 366, wherein it is said:

"It will not be disputed that equity by injunction will interfere to prevent the enforcement of an illegal and oppressive ordinance where it is made to appear that valuable property rights are invaded and irreparable injury will result from its enforcement, but that condition does not prevail in the instant case. There is no claim here that the law under which the officers claim they were about to interfere with the operation of this dance hall was invalid, but they content themselves with asserting that they were violating none of the laws of the state.

"Our attention has not been called to decisions of our own court defining the law in such cases, but undoubtedly we should follow the rule laid down by the New York court in the case of Suesskind et al. v. Bingham, 125 App. Div. 787, 110 N. Y. Supp. 213, where in the syllabus it is said: 'Equity is without jurisdiction at the instance of the proprietors or the lessees of a dance

hall let for hire on Sunday, in alleged violation of Sunday observance law, to grant an injunction restraining interference by the police, and the remedy, if any, is by an action at law against the individual officers for damages or indictment of them for interference with the property or business."

To the same effect, see Eden Musee American Co., Ltd., v. Bingham, 125 App. Div. 780, 110 N. Y. Supp. 210.

The general doctrine is also stated in 32 C. J. p. 261, as follows:

"Police officers will not be enjoined from performing their proper duties in the exercise of the general police power, even though, it has been held, the acts may be performed in an oppressive and unlawful way. The remedy is ordinarily by action for damages, or by a criminal prosecution."

The same general doctrine may be found in 14 R. C. L. at page 426, sec. 130.

It is finally contended by plaintiff that it should be taken as true that he was without adequate remedy at law, since the demurrer admits his allegation to that effect. But such allegation does not destroy or affect the remedy which the law provides. The court will take notice of the law. McLane v. Paschall et al. (Tex. Civ. App.) 28 S. W. 711; Louisville & N. R. Co. v. Palmes, 119 U. S. 244, 3 Sup. Ct. 193, 27 L. Ed. 922; Byrne Realty Co. et al. v. Southern Florida Farms Co. (Fla.) 89 So. 318; Shuman v. Gilbert, supra, and Turner v. City of Ardmore, 41 Okla. 660, 130 Pac. 1156.

From a study of the petition, it is clear that plaintiff bases his right to relief on the ground that he committed no breach of the criminal law; that the machine which he operated was not a gambling device, nor in aid of gambling, in contravention of the statute. He sets out a description of the machine and, somewhat at length, the method of its operation. He alleged that it was a legitimate machine, operated for a legtimate purpose. In short, he did not question the statute under which the officers were about to make the seizure, nor their good faith, but only the application of the statute to himself, alleging that he was not amenable to the statute because the facts did not fit his case. That was a question for the criminal court to try. It has been held many times that a court of equity will not pass upon the issues, if the identical issue sought to be passed upon by equity is one which must be passed upon by the criminal court. We think this ought to be true, for obvious reasons. The criminal court is formed for, and is equipped to pass upon that issue, which is

peculiarly within its jurisdiction, and we think it would be stretching the doctrine too far to fasten upon the court of equity the duty of determining, in effect, the guilt or innocence of a party charged under a valid statute with a criminal offense, before his arrest, or arraignment, or plea, in the court of criminal jurisdiction.

For the reasons given, we hold that the judgment of the trial court should be affirmed.

TEEHEE, HERR, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 14 R. C. L. p. 428; R. C. L. Perm. Supp. p. 3610. (2) 10 R. C. L. p. 273; R. C. L. Perm. Supp. p. 2683; R. C. L. Continuing Perm. Supp. p. 411.