BOARD OF EDUCATION OF TOWN OF WAKITA v. SCHULTZ.

No. 33795. Nov. 14, 1950.

*224 P. 2d 258.*

Elam & Crowley, of Enid, for plaintiff in error.

J. E. Falkenburg, of Enid, and H. W. Wright, of Cherokee, for defendant in error.

WELCH, J. The board of education of the town of Wakita, also known as Wakita School District No. 33, Grant county, Oklahoma, seeking injunction, filed petition in district court alleging that in April and May, 1947, applications for transfers of pupils from School Districts Nos. 35 and 36, respectively, to School District No. 11 were filed with the county superintendent of public instruction of Grant county; that said county superintendent did not act upon said requests until September, 1947, when said transfers of said pupils as requested were granted and made.

It was stated that said superintendent failed and neglected to make the transfers requested within the time allowed by law, and failed and neglected to give notices of such transfers within the time provided by law, and that by reason of such failure and neglect plaintiff was deprived of a right of appeal; that such purported transfers are illegal, null and void.

Plaintiff prayed that permanent injunction issue restraining said superintendent and other public officials and public boards named as defendants from carrying into effect the purported transfers of said pupils and from in any wise setting up assessments and taxation for school purposes by reason of said purported transfers and requiring

said superintendent to correct the records of that office so as to nullify said transfers.

After answer had been filed by defendants, and after evidence had been presented by the parties, the court denied injunction.

Plaintiff in appeal here asserts:

"The County Superintendent was without jurisdiction to make or purport to make any Order of Transfers in September, 1947, and any such Order or Purported Order was absolutely void, and the trial court should have so held and should have rendered judgment as per Plaintiff's Petition."

In support of the proposition plaintiff cites 70 O. S. 1941 §§1037.3, 1037.5.

Section 1037.3 provides:

"In order that any child may be transferred, a written application for such transfer, designating the district to which the transfer is desired, shall be made by either of his parents, or by his guardian, and said application shall be filed with the county superintendent not later than May 15th, preceding the school year for which the transfer is desired. . . . The County Superintendent shall also notify, not later than May 25th, the clerk of the school board or board of education of the district from which the transfer is proposed to be made and the clerk of the school board or board of education of the district to which the transfer is proposed to be made. The notices of the application for transfer shall be to the effect that the county superintendent will hold a hearing in his office on June 5th, at which time the school board or board of education of either district affected by the proposed transfer shall have an opportunity to show reason why the transfer should or should not be granted, if any. The county superintendent shall, within five days after said hearing, notify, in writing, the clerk of each school board or board of education affected, of the results of said hearing and whether or not the transfer has been granted. At any time within five days following the receipt of said notice, any member of either board may appeal, in writing, from the action of the county superintendent to the county judge, who shall hear said appeal within ten days from the date the appeal is filed, and his decision shall be final. It shall not be mandatory on the part of any district to accept any nonresident pupil."

The record reflects that the transfers mentioned in plaintiff's petition were entered by the county superintendent "around the first of September," and that notices of such action were mailed to the plaintiff, "around the first of September;" that plaintiff within a day or two after the notices were mailed filed a protest of such action with the superintendent and thereafter withdrew such protest and appealed or attempted an appeal to the county judge; that thereafter plaintiff dismissed such appeal to the county judge.

Under section 1037.3, supra, the plaintiff aggrieved at the action of the county superintendent had five days following receipt of notice of such action in which it could have appealed to the county judge and the county judge on appeal is empowered to determine the propriety and legality of the county superintendent's action in granting transfers of pupils. Such remedy is plain, speedy and adequate. It is well settled that courts of equity will not grant relief where complainants have a plain, speedy and adequate remedy at law. As said by the court in Turner et al. v. City of Ardmore et al., 41 Okla. 660, 130 P. 1156:

"Courts of equity will not grant relief where complainants have a plain, speedy and adequate remedy for the redress of their wrongs under the law. This doctrine is universally recognized by courts of equity and is founded upon the very sound principle that Legislatures have authority to define the rights of citizens and prescribe the rules by which such rights are to be determined, and where it has done so, then litigants have the right to demand that their grievances be determined by the rules prescribed."

In loss of the right to appeal by the failure of the plaintiff to lodge an ap-

peal before the county judge within the time prescribed by the statute, or if such appeal was properly taken and thereafter dismissed by the plaintiff, there is no circumstance as will invoke the equity jurisdiction of the district court and entitle the plaintiff to maintain an action for equitable relief.

The judgment of the court denying injunction is affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.

GIBSON and O'NEAL, JJ., dissent, being of the opinion that the question involved is moot and that the appeal should be dismissed.