### Ex parte PHILLIPS.

No. 8549—Opinion Filed July 10, 1917.

Rehearing Denied Sept. 11, 1917.

(167 Pac. 221.)

(Syllabus by the Court.)

**Licenses—License Tax—Automobiles—Validity of Ordinance.**

Revised Laws 1910, sec. 581, authorized the city of Oklahoma City to levy and collect a license tax on certain occupations, of which the occupation of petitioner was not one, and also a license tax on omnibuses, carts, wagons, and other vehicles. Pursuant to section 1, art. 4, of the city charter, the city passed an ordinance levying a license tax upon certain occupations, and, among other things, providing: "Sec. 748. The license tax hereby levied under this ordinance shall be in the following amounts, to wit: * * *" "Sec. 753. Each automobile offered or used on the streets of said city for hire, twenty-five ($25.00) dollars per year. * * *" Held, that such tax is not an occupation tax on the business of petitioner, but a license tax upon the owners of automobiles for the privilege of operating upon the public streets of the city, and that, he having paid the state tax imposed by General Highway Law 1915, c. 173, upon the automobiles used in his business of transporting passengers and their baggage for hire, said section of the ordinance was annulled by section 8 of said act, and petitioner is discharged.

Original habeas corpus by R. I. Phillips against W. B. Nichols, Chief of Police of the City of Oklahoma City. Writ granted, and petitioner discharged.

Geo. L. Giddings, for petitioner.

B. D. Shear, A. T. Boys, and Frank N. Watson, for respondent.

TURNER, J. This is an original action for writ of habeas corpus, brought by petitioner, R. I. Phillips, against W. B. Nichols, chief of police of the city of Oklahoma City. The facts are substantially:

Revised Laws 1910, sec. 581, authorized the city to levy and collect a license tax on certain occupations, but not the occupation of petitioner, and also, among other things, to levy a license tax on omnibuses, carts, wagons, and other vehicles. Petitioner owns and operates four or five automobiles in connection with his transfer business, known as the Phillips O. K. Bus, Baggage & Carriage Company. These automobiles are used by petitioner for hire in transporting passengers and their baggage to and from trains. Petitioner was arrested by respondent, and charged with so doing without paying the license tax imposed thereon by a certain ordinance of the city (revised in 1913) passed pursuant to section 1, art. 4, of the city charter, which reads:

"The legislative powers of the city are vested in the board composed of the mayor and four commissioners, sitting as a board of commissioners. They shall have the same power to enact all laws and ordinances for the city possessed by the city council of a city of the first class under the Constitution and laws of the state of Oklahoma at the time of the adoption of this charter, together with all other powers by this charter granted, and all powers hereafter conferred by the Constitution and laws of this state."

The pertinent parts of the ordinance read:

"Sec. 731. That no person, firm or corporation, either as principal or agent, shall in the city of Oklahoma City, conduct, pursue, carry on or operate any calling, trade, profession or occupation hereinafter named, without first paying in advance to the city treasurer the license tax hereinafter prescribed and, by presenting the receipt for the same to the city clerk of said city, procuring a license therefor, which receipt shall be filed with the city clerk and be preserved for a period of three years.

"Sec. 732. There is hereby levied a license tax on the callings, trades, business, avocations, and occupations hereinafter named, in the following sums, respectively mentioned herein: * * *

"Sec. 753. Each automobile offered or used on the streets of said city for hire, twenty-five ($25.00) dollars per year, payable annually, no license transferable or for less than one year. * * *

"Sec. 831. Every person, whether as principal or agent, clerk or employe, or as officer of a corporation, or otherwise, violating any provision of this ordinance shall be deemed

guilty of an offense, and upon conviction thereof, shall be punished by a fine of not exceeding one hundred ($100) dollars, or by imprisonment, in the city jail not to exceed thirty days, or by both such fine and imprisonment, and each day any person shall continue to operate any business herein named in violation of the provisions of this ordinance shall constitute a separate and distinct offense."

At the time of his arrest petitioner had paid the state tax on said automobiles and had taken out licenses thereon from the department of highways, as required by the state, and contends that section 753 of said ordinance seeks to levy a license tax upon the owners of automobiles for the privilege of operating upon the public streets of the city, and is unenforceable because annulled by the General Highway Law passed by the Legislature in 1915 (Sess. Laws 1915, p. 306). Respondent contends that the tax levied by said ordinance is an "occupation tax" for the privilege of carrying on petitioner's business. We are of opinion that petitioner's contention is correct, and that the tax sought to be exacted is a tax, not on petitioner's occupation or business, but on the privilege of operating upon the public streets of the city, and is unenforceable by reason of section 8 (article 4) of the General Highway Law.

Examining the ordinance, it seems from section 731, when it ordains, as it does, that no person, firm, or corporation shall, within the confines of the city, carry on any calling, trade, profession, or occupation without paying a license tax and procuring a license therefor, that it was the intent of its framers to thereby proceed and levy an occupation tax upon some 80 subsequently enumerated callings, trades and professions of which the business of petitioner was not one. And the intent so to do is made clear by the next section, which levies such tax in praesenti upon certain "callings, trades, business, avocations and occupations hereinafter named, in the following sums, respectively named herein." Omitting several sections immaterial to the question before us, section 749 provides:

"The license tax hereby levied under this ordinance shall be in the following amounts, to wit:

"Section 750. All persons, companies or corporations owning, controlling or conducting the business of advertising in street cars, each per annum, $100. All persons, companies or corporations owning, controlling or conducting the business of advertising in railroad cars, each per annum $50.

"All persons, companies, or corporations owning, controlling or conducting the business of advertising in railroad depots, each per annum $10."

So far, it seems the ordinance is one purporting to impose an occupation tax upon certain specified callings, trades, professions, etc., carried on within the municipality. And this idea is further carried out in the next section, in which a tax of $2 per day is levied upon the business of advertising solicitors. But what can we say of the next section, which reads:

"Sec. 753. Each automobile offered or used on the streets of said city for hire twenty-five ($25.00) dollars per year, payable annually, no license transferable or for less than one year."

Had this section meant to levy an occupation tax on the business of petitioner, it would, after the manner of section 750, supra, have probably read:

"All persons, companies, or corporations controlling or conducting the business of transporting passengers and their baggage for hire, shall pay a license tax on said business equal to $25 on each automobile used in such business."

But such this section did not do or attempt, but levies $25, not as a tax on any calling, trade, business, avocation, or occupation, but as a license tax upon the owners of automobiles for the privilege of operating them upon the public streets of the city, and which, if not paid, subjects "any person" to a fine of $100 for each day he shall operate in violation of the provisions of the ordinance.

In Harder's Fireproof Storage & Van Co. v. City of Chicago, 235 Ill. 58, 85 N. E. 245, 14 Ann. Cas. 536, the facts were that the city, pursuant to a statute, passed an ordinance section 1 of which made it unlawful for any person, firm, or corporation to use, or cause to be used, any wagon or other vehicle in the transportation of persons or property upon the streets of the city, unless such wagon or vehicle be licensed as in the ordinance provided. After section 2 had provided the procedure for obtaining the license, section 3 provided for a license tax payable annually to the city as follows: One, two, three, four, and six horse or more wagons, $5, $10, $15, and $35, respectively; and automobiles with seats for two persons $12, and with more seats than that, $20. Section 5 provided:

"That any person, firm, or corporation violating any of the provisions of this ordinance shall be fined not less than five dollars ($5) nor more than one hundred dollars ($100) for each and every offense; and each day any wagon or vehicle is used upon the streets, avenues or alleys of the city without having procured a license and without having complied with the provisions of this ordinance

shall be considered a separate and distinct offense."

The suit was brought to enjoin the enforcement of the ordinance on the ground that the same was void. But the Supreme Court, affirming the judgment of the trial court, held not so. And, after stating that the owner of vehicles used upon the public streets may be required to pay an ad valorem tax upon such vehicles as property, and also may be required to pay a tax upon the right or privilege of using such vehicles in his business—that is, an occupation tax—declared the question before the court to be whether, in addition to the ad valorem tax on the vehicle as property and a license tax on the right to pursue an occupation in which vehicles may be used, there might be imposed also, by the ordinance in question, a license tax upon the right or privilege of using vehicles upon the public streets. From which we learn, as there is no substantial difference between the intent of the ordinance there and here, that the license tax in question falls within the class of a tax upon the right or privilege of using automobiles upon the public streets for hire, and is not a tax upon the occupation of the petitioner. See, also, City of Ft. Smith v. Scruggs, 70 Ark. 549, 69 S. W. 679, 58 L. R. A. 921, 91 Am. St. Rep. 100.

This being true, this case is ruled by Ex parte Shaw, 53 Okla. 654, 157 Pac. 900. There, as here, a certain ordinance of the city of Tulsa, as amended by another ordinance, imposed a license tax upon the owners of automobiles for the privilege of operating upon the public streets of the city. The question there arising upon habeas corpus was, as here, whether section 8 of article 4, ch. 173, General Highway Law 1915, which provided:

"Subject to the express provisions of this article local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner to whom this article is applicable any tax, fee, license or permit for the free use of the public highways, or excluding or prohibiting any motor vehicle registered in compliance with this article from the free use of the public highways or the accessories used thereon, and no ordinance, rule or regulation in any way contrary to or inconsistent with the provisions of this article, now in force or hereafter enacted, shall have any force or effect"

—annulled the ordinance; the petitioner having paid a registration tax and taken out a license from the department of highways, which had issued him a certificate of registration and number plate which he had displayed on the rear of his car, as required

by that act. In holding that the act annulled the ordinance, in the syllabus we said:

"Article 2, sec. 3, par. 30, of the charter of the city of Tulsa, which gave power to that city to regulate the use of automobiles, and to issue permits for the use of such vehicles, and to require the numbering thereof, pursuant to which the city, by Ordinance No. 1165, as amended by Ordinance No. 1250, imposed a license fee upon the owners of automobiles for the privilege of operating upon the public streets of the city and providing a penalty, was repealed by section 8, art. 4, c. 173, General Highway Law 1915, providing, among other things, that local municipal authorities should have no power to pass any ordinance requiring from any such owner any fee, license, or permit for the use of the highways, or excluding any motor vehicle registered in compliance with the act from the free use of the public highways, and that 'no ordinance, rule, or regulation in any way contrary to or inconsistent with the provisions of this article, now in force or hereafter enacted, shall have any force or effect.' Hence said ordinance imposing a tax as stated, is void and unenforceable."

We are therefore of opinion that, as the ordinance in question seeks to impose a license tax, not upon the business of petitioner, but upon him as the owner of automobiles for the privilege of operating them upon the public streets of the city, said ordinance, in effect, prohibits those vehicles from the free use of the public streets, in contravention of section 8, supra, of the Highway Law, and hence is unenforceable, and that petitioner should be discharged.

All the Justices concur, except KANE, J., absent and not participating.