## CITY OF MUSKOGEE et al. v. WILKINS.

No. 8726—Opinion Filed Oct. 1, 1918.

(175 Pac. 497.)

**1. Licenses—Power of Cities—Motor Vehicles.**

The effect of section 8, art. 4, c. 173, Sess. Laws 1915, was to withdraw from local authorities generally the power to pass, enforce, or maintain any ordinance, rule, or regulation imposing a pecuniary charge in the nature of a tax, license, or permit for the use of the public highways by motor vehicles registered in conformity therewith.

**2. Licenses—Power of Municipalities — License Tax.**

Section 581, Rev. Laws 1910, empowers municipal authorities to impose a license tax for revenue, as distinguished from a license fee collected on account of necessary police regulation.

**3. Same—Character of Ordinance — Revenue.**

The character of a city ordinance is to be determined primarily by all of its provisions, and where such ordinance purporting to be an exercise of the regulatory municipal police power, imposes a pecuniary charge excessively disproportionate to the sum necessary to cover the expense of the municipality in the way of licensing, inspecting, and supervising an occupation, upon the payment of which one is authorized, as of right, to pursue the occupation, such charge is a tax for revenue, and not an exaction for the purpose of regulation.

**4. Same—Occupation Tax on Motor Vehicles —Validity.**

A municipal ordinance attempting to impose an occupation tax on the owners or users of motor vehicles operated over and upon the public highways, though for hire, is in contravention of the provisions of the General Highway Act of 1915, and void.

**5. Same.**

Certain provisions of an ordinance of the city of Muskogee entitled "An ordinance providing for an occupation tax upon all persons engaged in the business of operating jitney busses,'and for the regulation and control of such business," examined, and held to impose a tax for revenue, in contravention of the provisions of the General Highway Act of 1915.

**6. Same—Enforcement—Injunction.**

Equity will restrain by injunction proceedings to enforce a municipal ordinance attempting to impose an occupation tax upon the owners or users of motor vehicles run upon the public highways who have complied with the requirements of the General Highway Law of 1915, where such proceedings would destroy property rights and inflict irreparable injury.

**7. Same—Illegal Tax—Remedy.**

The remedy afforded by the provision of section 7, c. 107, Sess. Laws 1915, is not intended to cover cases where taxes for revenue are illegally attempted to be imposed and extortionately collected by municipal authorities from which all power to enact or or enforce legislation relative to such taxation has been withdrawn.

(Syllabus by Bleakmore, C.)

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action for injunction by C. M. Wilkins

against the City of Muskogee and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Chas. A. Moon (Gibson & Hull, of counsel), for plaintiffs in error.

W. E. Disney, for defendant in error.

Opinion by BLEAKMORE, C. This proceeding in error is brought to review a judgment of the district court of Muskogee county enjoining the city of Muskogee and its officers from enforcing certain provisions of an ordinance imposing a monthly charge of $25 as an occupation tax upon the owner, lessee, or possessor of each motor vehicle carrying passengers for hire over a fixed route in the city.

The title and those provisions of the ordinance involved deemed pertinent to the present inquiry are as follows:

"An ordinance providing for an occupation tax upon all persons engaged in the business of operating 'jitney busses,' and for the regulation and control of such business.

"Be it ordained by the council of the city of Muskogee, Oklahoma:

"Section 1. It shall be unlawful for any person, firm or corporation, either as principal, agent or employe, to operate within the corporate limits of the city of Muskogee any 'jitney bus,' or to act as driver or chauffeur thereof, without complying with the provisions of this ordinance, applying to such ownership, operation, or to the position of driver or chauffeur thereby, or any of the regulations herein ordained.

"Sec. 2. That a 'jitney bus,' as the term is used in this ordinance, is hereby defined to be any automobile operated over fixed routes within the city for the purpose of carrying passengers for hire.

"Sec. 3. It shall be unlawful for any person, firm or corporation, either as owner, lessee or possessor in any right, to engage in the business of operating a 'jitney bus' without first obtaining a license therefor from the city clerk, and complying with the following requirements: First. The payment of an occupation tax, which tax is hereby ordained to be as follows: For each 'jitney bus' operated by such person the sum of twenty-five ($25.00) dollars per month for each month such bus is operated. Such tax shall be payable monthly in advance, and no license shall be issued prior to the payment thereof. Second. Said license shall be renewed monthly by a payment of said monthly tax; and an indorsement by the city clerk upon said license of the renewal thereof for the following month."

The trial court found, among other things:

"That the plaintiff is engaged in operating a number of automobiles or motor vehicles, commonly known as 'jitney busses,' along designated routes and terminals and with regular schedules for hire in the city of Muskogee, and that he has been so engaged for more than one year last past.

"The court further finds that said plaintiff has invested in said motor vehicles a large amount of money, and that he operates said motor vehicles by means of certain drivers, and that the business consists of carrying passengers to and from different parts of the city of Muskogee for a stipulated price.

"The court further finds that plaintiff has complied with the statutes of the state of Oklahoma governing and regulating the licensing and taxing of automobiles, more particularly known as the General Highway Law, being chapter 173, art. 4, of the Session Laws of the Legislature of the state of Oklahoma of 1915; that he has paid the registration fees for each motor vehicle owned by him as required by said act, and that the department of highways of the state of Oklahoma has issued him a certificate of registration and a number plate which he has at all times displayed on the rear of the automobiles owned and operated by him. * * *

"The court further finds from the evidence that said ordinance, in so far as it attempts to require the payment of the sum of $25 per month per car, is excessive and confiscatory of the business of the plaintiff and confiscatory of the business of operating jitney busses in the city of Muskogee, Okla., and if enforced will compel the plaintiff and all other persons to quit the operating of jitney busses in the city of Muskogee.

"It is therefore considered, adjudged, ordered, and decreed by the court that the defendants, and each of them, be and they are hereby perpetually restrained and enjoined from enforcing, or attempting to enforce, that provision of said ordinance providing for the payment, in advance, of the sum of $25 per month per car for each jitney bus operated in the city of Muskogee. To which order the defendants and each of them except."

The theory upon which the city seeks to maintain the ordinance in question appears by the following excerpt from its brief:

"The power to provide by ordinance for an occupation tax such as that prescribed by ordinance of the city of Muskogee, questioned in this cause, was granted by the Legislature to cities by section 581 of the Revised Laws of Oklahoma 1910, wherein it is provided: 'The city council shall have authority to levy and collect a license tax on * * * drays, hacks, carriages, omnibusses, carts, wagons and other vehicles used in the city for pay.'

"We think that it cannot be questioned that the tax in this case is levied upon the

occupation of operating cars for hire and is not a tax upon the right to operate an automobile or to run it over the streets of the city."

By the General Highway Law (Sess. Laws 1915, c. 173, art. 4) it is provided:

"Sec. 3, * * * The registration fees imposed by this article upon motor vehicles, other than those of manufacturers and dealers, shall be in lieu of all taxes, general or local, to which motor vehicles may be subject as personal property under the laws of this state. * * *

"Sec. 8. Subject to the express provisions of this article, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner to whom this article is applicable any tax, fee, license or permits, for the free use of the public highways, or excluding or prohibiting any motor vehicle registered in compliance with this article from the free use of the public highways or the accessories used thereon, and no ordinance, rule or regulation in any way contrary to or inconsistent with the provisions of this article, now in force or hereafter enacted, shall have any force or effect; provided, that the powers given to local authorities in cities of the first class to enact general rules and ordinances applicable equally to all vehicles and users of the highway, to bring about the orderly passage of vehicles upon certain streets in such cities, where the traffic is heavy and continuous, and the powers given to local authorities to regulate vehicles offered to the public for hire or for processions, assemblages or parades in the streets or public places shall remain in full force and effect; and provided further, that local authorities may set aside a specified public highway or highways for speed contests or races to be given under proper restrictions for the safety of the public; and provided further, that local authorities may exclude by ordinance or regulation motor trucks and motor vehicles used exclusively for commercial purposes, from the parks and parkways of this state, provided such ordinance or regulation is applicable equally and generally to all other vehicles used to the same purpose; and provided further, that local authorities may exclude motor vehicles from any cemetery or ground used for the burial of the dead; and provided further, that cities and towns may regulate the speed of motor vehicles."

The foregoing statutory provisions constitute a legislative exercise of the police power of the state (Ex parte Shaw, 53 Okla. 654. 157 Pac. 900), and. in so far as they cover the field, supersede and render ineffectual any municipal ordinance upon the same subject. The effect of the General Highway Law was to withdraw from local authorities generally the power to pass, en-

force, or maintain any ordinance, rule, or regulation imposing a pecuniary charge in the nature of a tax, license, or permit for the use of the public highways by motor vehicles registered in conformity therewith. Ex parte Shaw, supra; Ex parte Phillips, 64 Okla. 276, 167 Pac. 221; and Ex parte Mayes, 64 Okla. 260, 167 Pac. 749.

Section 581, Rev. Laws 1910, which is relied upon by the city as a grant of authority to ordain and enforce the pecuniary imposition complained of as illegal, has been held in Ex parte Mayes supra, to "provide for a license tax for revenue, as distinguished from a license fee collected on account of necessary police regulation," and therefore any attempt to pass, enforce, or maintain an ordinance by a city for revenue purposes by virtue of such section is in direct contravention of the provisions of the General Highway Law, and void.

It will be observed that the ordinance in question provides that the mere payment of the monthly tax entitles the one sought to be charged, as of right, to pursue the occupation of operating a jitney bus as defined in such ordinance. This court in Ex parte Mayes, supra, quotes with approval from Royall v. State of Virginia, 116 U. S. 572, 6 Sup. Ct. 510, 29 L. Ed. 735, as follows:

"That the party complying with the statutory conditions is entitled as of right to the license is conclusive that the payment is a tax laid for revenue, and not an exaction for purposes of regulation. Mayor, etc., v. Second Ave. R. R. Co., 32 N. Y. 261; State v. Hoboken, 33 N. J. Law, 280; 2 Dill Mun. Corp. 766, c. 19, sec. 768. The occupation, which is the subject of the license, is lawful in itself and is only prohibited for the purpose of the license; that is to say, prohibited in order to compel the taking out a license, and the license is required only as a convenient method of assessing and collecting the tax. Cooley, Tax. 407. Such a license fee was held to be a tax by this court in the cases of Brown v. Maryland, 12 Wheat. (25 U. S.) 419, 6 L. Ed. 677, Ward v. Maryland, 12 Wall. (79 U. S.) 418, 20 L. Ed. 449, and Welton v. Missouri, 91 U. S. 275, 23 L. Ed. 347."

Applying the foregoing doctrine to the particular provision of the ordinance under consideration, it would seem that the purported pecuniary imposition is an ineffectual attempt to tax for revenue, and not an exaction for the purposes of regulation. If the actual motive of the city authorities in passing and attempting to enforce such ordinance was to exercise the municipal police power for the purpose of regulation, yet it would appear from the face of the ordinance

that the fee exacted is excessively disproportionate to a sum necessary to cover the expense to the city in the way of licensing, inspecting, and supervising the vehicles and occupation contemplated by the ordinance. This also specifically appears by the evidence and is in effect found by the court. The power to tax for such purpose being withdrawn from it, the city is clearly without authority to impose any charge for the purpose of raising revenue under the guise of the police power. We are of opinion that the provision of the ordinance attempting to impose an occupation tax on owners or users of motor vehicles operated in the city of Muskogee as jitney busses is in contravention of the Highway Act, and void.

It is insisted by the city that, if the ordinance in question is void, such invalidity constitutes a complete defense to any prosecution thereunder, available in a court of law, and for that reason its enforcement will not be enjoined in a suit in equity.

Relative to this proposition, it was held in Yale Theatre Co. v. City of Lawton et al., 35 Okla. 444, 130 Pac. 135:

"A prosecution for violation of a municipal ordinance will not be enjoined on the mere ground that the ordinance is void, because such invalidity constitutes a complete defense to the prosecution, and is thus available in a court of law.

"(a) However, equity will restrain, by injunction, criminal proceedings under an invalid ordinance, which, if allowed to proceed, would destroy property rights and inflict irreparable injury."

See, also, New York Life Ins. Co. v. Town of Comanche, 62 Okla. 247, 162 Pac. 467.

It appears from the evidence that plaintiff had been engaged in the jitney business in the city of Muskogee for 18 months; that he owned four automobiles which had been converted into jitney busses as defined in the ordinance under consideration, three of which were being continuously used for such purpose, and the fourth employed in emergencies; that he had invested in such business several thousand dollars; and that the profits were from $100 to $175 per month. Payment of the tax imposed on each vehicle would reduce such profits at least $100 per month. The trial court found that such exaction "is excessive and confiscatory of the business of the plaintiff and confiscatory of the business of operating jitney busses in the city of Muskogee, Okla., and if enforced will compel the plaintiff and all other persons to quit the operating of jitney busses in the city of Muskogee; * * * that, if the plaintiff and other persons engaged in

the jitney business in the city of Muskogee are compelled to quit said business, they will have on hand jitney busses of the value of a considerable sum which in their present condition are unsuited for other purposes, and by converting them to other purposes would occasion considerable loss to the owners thereof."

Having conformed to the requirements of the State Highway Law, plaintiff was entitled to the free use of streets of the city of Muskogee in the operation of his motor vehicles. Such a privilege specifically conferred by the statute, may be regarded in the nature of a property right, which it appears would be greatly impaired, if not wholly destroyed, by the enforcement of the void provision of the ordinance in question, and there would seem to be no certain pecuniary standard for measuring the damage which plaintiff would thereby sustain.

By section 4881, Rev. Laws 1910, it is provided that—

"An injunction may be granted to enjoin * * * the illegal levy of any tax, * * * or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same. * * *"

Holding as we do that the pecuniary imposition involved is a tax and void, in that the city of Muskogee was powerless to pass any ordinance imposing a tax on motor vehicles where there had been compliance with the requirements of the State Highway Act, the remedy by injunction afforded by the foregoing section would seem to be properly invoked by plaintiff, unless he is deprived thereof by virtue of section 7, c. 107, Session Laws 1915, quoted and construed in Black v. Geissler, 58 Okla. 335, 159 Pac. 1124, wherein it is held:

"Section 4881, Revised Laws 1910, which authorized the issuance of an injunction to restrain the illegal levy and collection of a tax, has been modified in respect to matters of taxation by section 7 of chapter 107, Session . . . effectual remedy has been provided in such cases."

We are of opinion, however, that the provisions of the latter section do not affect the remedy invoked in the instant case. The obvious intent of the Legislature in the enactment of such provisions was to afford a remedy for the correction of errors in the assessment or the equalization of taxes and the recovery, when paid, of taxes illegally assessed against property, arising by reason of official action in those instances where authority to exercise the taxing power ex-

isted by reason of the Constitution or laws of the state and not to cases such as this, where all authority to impose a tax of any character for revenue has been withdrawn from the political body attempting to exercise such power.

This purpose is manifested by the provision authorizing a suit to recover such taxes wherein the court shall render judgment showing the correct and legal amount due, etc. Clearly we cannot impute to the Legislature an intent to sanction extortion by requiring the payment of a pecuniary imposition entirely unauthorized by the statute, even if made by a municipality under guise of police power, where such body is specifically divested of authority to enact or enforce legislation upon the subject. We therefore conclude that the plaintiff has not mistaken his remedy.

Other errors are assigned, consideration of which is not deemed essential to a decision of the primary questions involved.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.