No. 29,723.

J. L. HAIR, *Appellee,* v. THE CITY OF HUMBOLDT et al., *Appellants.*

(299 Pac. 268.)

Opinion filed May 9, 1931.

*L. T. Cannon,* of Humboldt, for the appellants.

*Frederick G. Apt,* of Iola, for the appellee; *A. R. Enfield,* of Iola, of counsel.

The opinion of the court was delivered by

SMITH, J.: The action was to enjoin the enforcement of an ordinance of a city. The plaintiff alleged that it deprived him of the equal protection of the law in violation of the fourteenth amendment to the constitution of the United States, and was an abuse of the power to tax in contravention of article 12, section 5 of the constitution of Kansas. Judgment was for plaintiff. Defendant appeals.

Plaintiff, an honorably discharged veteran of the world war, owns and operates a bakery in Iola. He worked up quite a trade with various merchants in Humboldt. Various products are manufactured at the bakery of plaintiff at Iola. He then delivers them by means of trucks to different merchants in Humboldt and neighboring towns who desire to sell his products. The city of Humboldt passed an ordinance as follows:

"SECTION 1. That for the purpose of raising revenue the business of selling and delivering bread and bakery products within the city of Humboldt, Kansas, is classified and license taxes required as hereinafter set forth.

"SEC. 2. That it shall be unlawful for any person, firm or corporation, either as principal, agent or employee, to sell or deliver any bread or bakery products within the city of Humboldt, Kansas, without first paying to said city the license tax therefor as herein levied and provided.

"SEC. 3. The license tax herein provided for and levied shall be paid to the city clerk, who shall issue a license therefor, and the classifications and license taxes shall be as provided for in the following sections:

"SEC. 4. For each person, firm or corporation owning or operating a bakery within said city from which bread and bakery products are sold at retail or wholesale, the sum of $1 per day, $10 per annum.

"SEC. 5. For each person, firm or corporation not owning or operating a bakery within said city, and selling, delivering or gathering up bread or bakery products within said city, and having no *bona fide* established place of business within said city, the sum of $1.50 per day, $120 per annum.

"SEC. 6. Any person, firm, company or corporation violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than $10 nor more than $25, the costs of the case, and the original cost of the license."

The city marshals threatened to arrest plaintiff unless he complied with the above ordinance. Appellee applied for a license to the city clerk and demanded that it be issued to him free of charge under the provisions of R. S. 73-207 on account of his being an honorably discharged veteran of the world war. This was refused.

He brought suit against the city officers of Humboldt, alleging facts about as set out herein, and praying for an injunction.

The city officers answered, setting up that appellee did not personally operate a delivery truck owned exclusively by himself, and hence was not entitled to a license without charge, as he claimed. The tax situation of the city was also set out in the answer. The city for several years past had been levying the limit, and had been running behind a little each year.

After the filing of this answer appellee filed a motion for judg-

ment on the pleadings. The court allowed the motion and granted the injunction. The following findings were made:

"1st. That the plaintiff is an honorably discharged soldier of the world war, and as such is entitled to all the rights, benefits and immunities granted to all honorably discharged soldiers by section 73-207, General Statutes, and that as such honorably discharged soldier, he is not required to pay license tax to sell, vend or deliver the products of his own effort in the city of Humboldt, Kansas, and is exempt from the provisions of any ordinance creating a license tax therefor.

"2d. The court further finds that ordinance No. 658 of the city of Humboldt, Kansas, is illegal, unlawful and void and in restraint of the free and unmolested trade of the citizens of the state of Kansas, and in violation of the constitution of the state of Kansas and of the United States."

Appellant urges that the ordinance is not unconstitutional because it does not make the increased license tax dependent on the residence or nonresidence of those seeking licenses, but upon the question of whether he owns and operates a bakery in the city. The city also urges that appellee is not entitled to a license free of charge under the terms of R. S. 73-207 because he is not engaged in operating personally a delivery and baggage wagon owned exclusively by himself, and had not been a resident of the city for six months previous to the time of application.

R. S. 73-207 is as follows:

"That from and after the passage of this act . . . all ex-soldiers . . . of the world war, . . . and who shall reside within the city or county six months previous to the time of which said license is issued, shall be entitled to a license to operate a delivery and baggage wagon and to vend, hawk and peddle goods, wares, fruits or merchandise not prohibited by law in any county or city in this state: *Provided,* That said soldier or sailor is engaged in operating personally a delivery and baggage wagon, owned exclusively by himself. Upon the presentation of his certificate and papers of discharge to the clerk of any city or county in this state, and showing proof of his identity as the person named in his certificate of honorable discharge, and having resided within the city or county from which the license is issued six months previous to the time of issuance of said license, said clerk shall issue to said ex-soldier . . . a license . . ."

We have reached the conclusion that the immunity provided for in the above statute is a personal one. Clearly that is what the language used would indicate. The act refers to the personal operation and ownership of a baggage and delivery wagon owned exclusively by the veteran. The legislature did not intend that one veteran could hire a number of men to operate bread wagons for him and escape the necessity for paying for a license on the ground

that he was a veteran of the world war. This case was decided on the pleadings. The answer alleged that appellee was operating the bread trucks in Humboldt by means of agents and employees. Hence he cannot take advantage of the statute.

The question of whether the ordinance is unconstitutional has been settled by this court in the case of *In re Irish*, 122 Kan. 33, 250 Pac. 1056. In that case the court held that an ordinance which provided for a license of $150 per year for anyone who sold bakery products and was not a resident of the city and did not provide for any license for a resident was invalid as being in violation of the fourteenth amendment to the constitution of the United States.

In the ordinance we are now considering those selling bakery products are classified as those owning and operating a fixed place of business in Humboldt and those not owning such a fixed place of business. Appellant argues that this is a reasonable classification and does not come under the rule in the Irish case. We are not impressed with this distinction. This court takes judicial notice of the local situation at Iola and Humboldt and the general business and economic conditions there. The ordinance that provides for a higher license for one selling bread without a fixed place of business in Humboldt than for one who has a fixed place of business really means that a nonresident of Humboldt shall pay the higher rate. This being the case, all that was said in *In re Irish*, supra, could be said in this case.

The judgment of the lower court that appellee was entitled to a license free of charge under R. S. 73-207 is reversed, while the judgment that the ordinance violates the fourteenth amendment to the constitution of the United States is affirmed.