### GRANTHAM et al. v. CITY OF CHICKASHA et al.

No. 22609. Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

Stewart Lynch, Alger Melton, Harris Danner, Mason, Williams & Lynch, Shirk, Danner & Phelps, Melton & Melton, and John F. Butler, for plaintiffs in error.

J. D. Carmichael, City Atty., and Barefoot & Carmichael, for defendants in error.

McNEILL, J. This was an action filed in the district court of Grady county, Okla., for an injunction enjoining and restraining the city of Chickasha and its officers from enforcing ordinance No. 1032, of said city, which sought to levy a license tax on hawkers, peddlers, and itinerant merchants on the grounds that the ordinance was void and unconstitutional, and that the enforcement of same would result in irreparable damage to said plaintiffs.

The defendants filed a general demurrer to the petition. The trial court sustained said demurrer, refused to grant an injunction, and dismissed plaintiffs' petition. Plaintiffs have appealed to this court. The parties will be referred to as they appeared in the trial court.

Plaintiffs urge three grounds for reversal of the judgment of the trial court as follows:

(1) Said court erred in sustaining the demurrer of the defendants to the petition of plaintiffs.

(2) Said court erred in dismissing the petition of plaintiffs.

(3) The judgment of the court is contrary to law.

The ordinance, in part, provides as follows:

"Ordinance No. 1032.

"An ordinance levying a license tax upon hawkers, peddlers and itinerant merchants: making it unlawful to engage in any such business without first having obtained a license therefor; prescribing a penalty and declaring an emergency.

"Be it ordained by the mayor and councilmen of the city of Chickasha, Okla. Section One (1): That license tax be, and the same is hereby, levied and imposed upon each and every hawker, peddler, or itinerant merchant, as follows, to wit: * * *

"For each and every hawker, peddler or itinerant merchant dealing in goods, wares, or merchandise of every kind or character, not hereinabove specifically enumerated, the sum of $100 per annum. Provided, however, that nothing in this ordinance shall be deemed to impose a license tax for the sale of agricultural or farm produce raised in the state of Oklahoma, where the same is being sold by the person raising or producing the same.

"Section Two (2): That the term itinerant merchant as herein used in this ordinance, shall be deemed to mean and include any and all itinerant vendors, transit vendors, itinerant traders, itinerant merchants and traveling merchants or persons coming in and offering for sale any items of merchandise, or persons who sell or offer for sale goods, wares or merchandise by traveling around the city or by delivering them from cars or freight depots, who have no fixed or established store, warehouse, or other place of business within the city of Chickasha.

"Section Four (4): That it shall be unlawful for any person, firm or corporation, to hawk, peddle or engage in business as an itinerant merchant, as in this ordinance defined, without first having obtained a license therefor, and any person, firm or corporation so engaged in hawking or peddling as an itinerant merchant, without having first obtained a license therefor, shall be deemed guilty of a misdemeanor, and upon conviction therefor shall be fined in any sum not to exceed $19. Provided, each and every day that any such person, firm or corporation shall violate any of the provisions of this ordinance shall be deemed a separate offense."

It will be observed that section 1 of said ordinance provides a license tax upon each hawker, peddler, or itinerant merchant at different rates based upon the commodity or product dealt in by such persons. Under section 2 thereof, the term "itinerant merchant" is defined in broad and sweeping terms. This ordinance is attacked by the Campbell Baking Company, Colonial Baking Company, and the drivers of their respective trucks, each of which companies has a manufacturing plant in Oklahoma City, where bread and bakery goods are manufactured by said companies in such quantities as are sufficient to meet the immediate needs and demands of the various communities to which said companies deliver their bakery products. These food products are delivered in trucks of said companies by said drivers and are sold in towns and cities within the trade territory surrounding Oklahoma City, and which includes the city of Chickasha, and are distributed primarily to retail merchants, grocery stores, hotels, and restaurants for resale to the consuming public. The plaintiffs operate these trucks daily, except on Sunday, and the ordinance in controversy levies a tax of $100 a year on each of said plaintiffs, and exempts merchants and others doing business in a like manner with plaintiffs, provided they have a fixed store, warehouse, or other place of business within the city of Chickasha. There are no house-to-house salesmen and the drivers of the trucks usually make the collections.

It is the contention of the plaintiffs, based upon the pleadings, that the ordinance is designed and passed for the purpose of enforcement against business being conducted by those whose place of business is maintained outside of the city of Chickasha, and that it applies to plaintiffs by reason of the fact that they do not have an "established store, warehouse, or other place of business in said city" of Chickasha; that the ordinance is unconstitutional and void; that it is discriminatory; that those who are similarly engaged in the city of Chickasha do not pay any tax under said ordinance; that the enforcement of said ordinance would confiscate and destroy the business of each of said plaintiffs, and that the

58

jurisdiction of a court of equity is invoked to avoid a multiplicity of suits and to prevent irreparable injury to plaintiffs' business.

Section 4556, C. O. S. 1921, provides in part:

"4556. Occupation and License Tax. The city council shall have authority to levy and collect a license tax on auctioneers, contractors, druggists, hawkers, peddlers, bankers, brokers, pawnbrokers, merchants of all kinds, grocers, confectioners, restaurants, butchers, taverns, public boarding houses, billiard tables, bowling alleys and other amusement devices, drays, hacks, carriages, omnibuses, carts, wagons, and other vehicles used in the city for pay, hay scales, lumber dealers, furniture dealers, saddle or harness dealers, stationers, jewelers, livery stable keepers, real estate agents, express companies or agencies, life or fire insurance companies or agencies, telegraph companies or agencies, shows, theaters, all kinds of exhibitions for pay. * * *"

Counsel for plaintiffs urge that the city of Chickasha cannot extend its powers granted to it under section 4556, C. O. S. 1921, by including avocations, trades, or lines of business which are not expressly enumerated therein; that said section of the statute which authorizes the city of Chickasha to levy an occupational tax as set forth therein does not include an occupational tax upon bakers, manufacturing bakers, or manufacturers. In this connection counsel for plaintiffs contend that the ordinance was aimed at hawkers and peddlers, and that the inclusive term, "itinerant merchant," "itinerant vendors," "transit merchant," "transit vendors," "itinerant traders," "traveling merchants," cannot include other than those who do, in fact, a peddler's or hawker's business, and that they are not engaged in the peddling business, or hawking business, and that they are not merchants, and that they serve only their regular customers under a general arrangement of standing orders.

Counsel for defendants contend that the sole question presented by the demurrer was as to the sufficiency of the petition, and whether it was sufficient to confer upon the trial court jurisdiction to grant equitable relief by way of injunction restraining the defendants from enforcing or attempting to enforce the ordinance in question, and insist that the judgment of the trial court sustaining the demurrer and dismissing plaintiffs' petition should be affirmed. Counsel for defendants admit that plaintiffs are not peddlers or hawkers, but urge that they are engaged as itinerant merchants in the city of Chickasha in violation of the ordinance. Counsel for defendants also urge that section 4556, C. O. S. 1921, confers upon cities of the first class power to levy and collect a license tax for the purpose of raising revenue upon the occupations named therein, and as said section 4556 specifies "merchants of all kinds," the ordinance in question was drawn under this provision, and that if plaintiffs are merchants within the purview of said statute, then the city of Chickasha had express authority to levy and collect the tax in question. It is the theory of defendants that said plaintiffs are merchants, and that said statute authorized said city to classify merchants for the purpose of taxation, and that said ordinance does not violate the state or federal Constitution.

Counsel for defendants concede that the rule of law contended for by plaintiffs, to wit:

"Equity will restrain by injunction the enforcement of a municipal ordinance which is void as unconstitutional and in violation of the statutes of this state, where it appears that valuable property rights are invaded and irreparable injury will result from its enforcement"

—in support of which counsel for plaintiffs cite the following authorities: Yale Theater v. City of Lawton, 35 Okla. 444, 130 P. 135; New York Life Ins. Co. v. Town of Comanche, 62 Okla. 247, 162 P. 466; City of Muskogee v. Wilkins, 73 Okla. 192, 175 P. 497; City of Tulsa v. Metropolitan Jewelry Co., 74 Okla. 107, 176 P. 956; City of Tulsa v. Thomas, 89 Okla. 188, 214 P. 1070, is well established and sustained by the aforesaid authorities, but contend that the converse of this rule is also well established that a prosecution for violation of a municipal ordinance will not be enjoined on the mere ground that the ordinance is void, because such invalidity constitutes a complete defense to the prosecution, and is thus available in a court of law, and cite the following authorities in support thereof: Golden v. City of Guthrie, 3 Okla. 128, 41 P. 350; Thompson v. Tucker, 15 Okla. 486, 83 P. 413; Turner v. City of Ardmore, 41 Okla. 660, 130 P. 1156; Yale Theater Co. v. City of Lawton, 35 Okla. 444, 130 P. 135; Simmons v. Sanders, 80 Okla. 127, 194 P. 893; Callison v. Kirkpatrick, Co. Atty., 145 Okla. 132, 292 P. 54. However, in the case at bar, the plaintiffs specifically pray that defendants be enjoined from enforcing the ordinance in question. This action does not involve a prosecution for violation of a municipal ordinance.

Section 420, C. O. S. 1921, provides:

"An injunction may be granted to enjoin the enforcement of a void judgment, the illegal levy of any tax, charge or assess-

ment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction. * * *"

This court, in the case of Muskogee v. Wilkins, 73 Okla. 192, 175 P. 497, held that this section of the statute was properly invoked wherein the remedy sought was by injunction to enjoin the enforcement of a license tax on motor vehicles where there had been compliance with the requirements of the State Highway Act demanded by a municipal corporation.

An examination of the petition in question shows that it is sufficient to invoke equitable relief, provided the ordinance in question is illegal and void as being violative of the state and federal Constitutions.

Counsel for plaintiffs, in their brief, relative to the definition of a "merchant," state as follows:

"Dictionary definitions define a merchant as: 'One making a business of buying and selling commodities: * * *' Secondary meaning 'one who carries on a retail business.' Funk & Wagnall's New Standard Dictionary of the English Language defines a 'merchant' as: '1. A person who buys and sells commodities as a business and for profit; especially one who has a place of sale and stock of goods; a trader, a buyer. A shopkeeper, storekeeper.' The New Century Dictionary (1927) defines a merchant as: 'one who buys and sells marketable commodities for profit.' The New Oxford Dictionary (10 Vol.) gives the meaning of 'merchant' as 'one whose occupation is the purchase and sale of marketable commodities for profit; * * * applied generally to any trader in goods not manufactured or produced by himself.' Volume 2 of Palgrave Dictionary of Political Economy, refers to 'mercantile transactions' as meaning 'buying in order to resell,' and defines a 'merchant' as 'one who makes a profession of these transactions.'

"Certainly under the dictionary definitions these companies are not 'merchants.' Under the judicial definition they cannot be considered 'merchants.' "

In the case of Petersen Baking Co. v. City of Fremont, 228 N. W. 256, the Supreme Court of Nebraska said:

"The term 'itinerant vendor' * * * has no legal or popular meaning that extends its application to a wholesale baker, selling bread and distributing it daily to regular retail customers by means of its own motor trucks. * * *"

See, also, City of Waterloo v. Heely, 81 Ill. App. 310 (1898); City of Greensboro v. Williams (N. C.) 32 S. E. 492 (1899).

The defendant city of Chickasha contends that plaintiffs come within the class of "itinerant merchants." Section 2 of the ordinance defines "itinerant merchants" as hereinbefore set forth.

In re Lankford, 72 Okla. 40, 178 P. 673, this court said:

"Municipal corporations can exercise only such powers of legislation as are given them by the law-making power of the state, and grants of such powers are strictly construed against the corporations and when any fairly reasonable doubt exists as to the grant of the power, such doubt is resolved by the courts against the corporation, and the existence of the power is denied."

" 'All acts beyond the scope of the powers granted are void.' 1 Dillon on Municipal Corporations (4th Ed.) sec. 89." In re Unger, 22 Okla. 755, 98 P. 999.

A municipal corporation cannot extend its powers of taxation by an unauthorized definition of the words obtained in the grant of power.

Section 4556, C. O. S. 1921, specifically authorizes the defendant to levy a tax on "merchants of all kinds." The statute enumerates many kinds and character of business, but has not seen fit to designate a class known as "itinerant merchants." "Itinerant merchants" "transient merchants," "hawkers," and "peddlers" for many years have been before the courts for interpretation.

The Supreme Court of Illinois, in the case Twining v. City of Elgin, 38 Ill. App. 356, opinion filed December 8, 1890, discusses an itinerant merchant or transient vendor of merchandise, and therein said:

"The word 'itinerant' is defined to mean one who goes about from place to place with no settled habitation. The word 'transient' as applied to the vending of merchandise is of the same signification. Webster defines the word to mean 'to pass away, not stationary or lasting.' * * *

"We are clearly of the opinion that the city council had no power to enact an ordinance exceeding its delegated statutory powers, by making a definition which would include persons or principles not clearly within the terms of the act granting such power."

The ordinance in question clearly defines what shall be included under the term "itinerant merchant," but the statute does not designate such a term as "itinerant merchant." It specifically states "merchants of all kinds." This expression, "merchants of all kinds," must be confined within reasonable bounds and limited to the usual generally accepted meaning and scope of the

law applicable to that expression and be free from doubtful interpretation. In other words, the ordinance cannot enlarge on the generally accepted meaning of the term "merchants of all kinds." "Merchants of all kinds" does not, in our opinion, mean an itinerant merchant or transient vendor of goods, wares, and merchandise, and the plaintiffs are not merchants of the city of Chickasha within the meaning of the term "merchant" as used in the statute. These subjects contained in the ordinance must be construed strictly in determining the power granted, and the exercise of the power must be confined within the general principles of the law applicable to such subjects. See City of St. Paul v. Briggs (Minn.) 88 N. W. 984.

In the case of State v. Fleming, 24 N. D. 593, 140 N. W. 674, the defendant was convicted of engaging in the occupation of a transient merchant without first obtaining a license. It appears that the statutes of the state of North Dakota required transient merchants to secure a license for conducting their business or occupation in that state from the Secretary of the State upon the payment of the sum of $75, and the statute also required the payment of a further sum of not exceeding $25 per day to the treasurer of the city or village where he is conducting his business, and defined a "transient merchant" as one who engages in the vending or selling of merchandise at any place in the state temporarily, and one who does not intend to become, and does not become, a permanent merchant of such place. In that case the defendant sold apples from a box car on the Great Northern tracks, which had been grown and shipped from the state of Missouri to the state of North Dakota for the purpose of sale, and said defendant had no intention of becoming a permanent merchant or of obtaining the license in question. The court in the syllabus said:

"A merchant is one who buys to sell, or buys and sells, goods or merchandise in a store or shop."

In the body of the opinion, after a review of the definition of the term "merchant" from Webster's New International Dictionary, Webster's International, the Century Dictionary and Kinney's Law Dictionary, the court said:

"From these definitions and those from many other authorities which might be cited, it would seem that two essentials are necessary to constitute one a merchant in the ordinary meaning of the word, namely, that he must buy and sell, and that he must keep a shop or store for that purpose. * * * The facts applied in the case at bar exclude the defendant from these definitions. He did not buy; he grew and sold. See, also, 27 Cyc. 478. We conclude that a transient merchant, within the meaning of the statute referred to, is a merchant who sells merchandise temporarily at a place in this state without intending to become, and without becoming, a permanent merchant of such place. Buying is an essential element; but the buying need not be done at the same place where the sales are made. And we conclude that the defendant was not a transient merchant."

In the case of Phillips v. Byers, 209 P. 557, the Supreme Court of California, after reviewing the authorities in reference to merchants, dealers, and manufacturers, said:

"A merchant is distinguished from a dealer in that he must have a store, stand or other place to keep and sell his goods, while a dealer may buy and sell without such aids to his business. Kansas City v. Ferd Heim Brewing Co., 98 Mo. App. 590, 73 S. W. 302, 303.

"From the authorities above referred to, it appears that in the absence of statutory regulation or special circumstances, the courts have given the ordinary meaning to the terms 'merchant' and 'manufacturer.' It follows that one who simply manufactures an article and sells it is not a merchant, and that although a manufacturer may also be a merchant if he buys and sells goods, he does not become one by disposing of the goods he has produced, at a manufacturer's profit. There is no statute in this state which defines the terms, and in the absence of such provision, they must be given their ordinary meaning. * * *"

"Therefore, giving full weight to the testimony that the company sold its manufactured goods standing in the warehouse, as well as those manufactured to order, such a fact would not be sufficient to render the company a merchant."

Cities, unless expressly granted authority by statute, cannot prescribe definitions and meaning to words and terms set forth in the statute which are different from their usual, ordinary and general acceptation, and thereby extend the meaning of such terms, and a court of equity, upon proper and timely application, may be invoked to enjoin the enforcement of void legislation based thereon which would menace and deprive another of valuable contract or property rights. We conclude that the plaintiffs in the case at bar do not come within the classification "merchants of all kinds," designated under section 4556, C. O. S. 1921, supra.

Counsel for plaintiffs also urge that the ordinance violates the Constitution of the state of Oklahoma as well as the Constitution of the United States in that:

(a) It violates article 2, sec. 2, of the Constitution of the state of Oklahoma in that it deprives the plaintiffs of their inherent right to the enjoyment of the gains of their own industry.

(b) It violates article 2, sec. 7, of the Constitution of the state of Oklahoma in that it deprives plaintiffs of their liberty and property without due process of law, and in that

(c) It violates article 2, sec. 32, of the Constitution of the state of Oklahoma in that it will give a monopoly on the right to do business in Chickasha to the residents of that city and to the exclusion of citizens and residents of the state of Oklahoma not resident of the city of Chickasha; and in that

(d) It violates the Fourteenth Amendment to the Constitution of the United States in that it abridges the privileges and immunities of plaintiffs.

(e) It violates article 4, sec. 2, of the Constitution of the United States in that it denies to plaintiffs the privileges and immunities as citizens of the United States.

(f) It violates the Fourteenth Amendment to the Constitution of the United States in that it denies to plaintiffs the equal protection of the laws because the ordinance, on its face, makes an illegal, void, and discriminatory classification against nonresident businesses and in favor of residents of the city of Chickasha; and, further, that the classification upon the location of place of business is discriminatory.

An examination of the ordinance shows by its terms that it requires a payment of the tax from all persons "who sell or offer for sale goods, wares, or merchandise by traveling around the city, * * * who have no fixed or established place of business, store, or warehouse within the city of Chickasha," and exempting from its operation those persons who sell or offer for sale goods, wares, or merchandise by traveling around the city, but who have a fixed or established place of business within the city of Chickasha, and by reason thereof is discriminatory and violative of the provisions of the state and federal Constitutions as contended for by plaintiffs.

Mr. Justice McReynolds, in the case of Chalker v. Birmingham Ry Co., 249 U. S. 522, 63 L. Ed. 748, wherein it was sought to tax persons not having a chief office in the state of Tennessee at a higher rate than those having their chief office within said state, in speaking for the Supreme Court of the United States, said:

"* * * We can find no adequate basis for taxing individuals according to the location of their chief offices—the classification, we think, is arbitrary and unreasonable."

In the case of Hair v. Humboldt, 299 P. 268, the Supreme Court of the state of Kansas considered the constitutionality of an ordinance of the city of Humboldt, which provided for a license tax upon persons owning or operating bakeries in said city, in the sum of $1 per day, or $10 per annum, and provided for a license tax of $15 per day, or $120 per annum, upon all persons not owning or operating a bakery within said city, but who engaged in selling or gathering up bread or bakery products within said city. The court held that the ordinance was unconstitutional in the following language:

"The question of whether the ordinance is unconstitutional has been settled by this court in the case of In re Irish, 122 Kan. 33, 250 P. 1056, 61 A. L. R. 332. In that case the court held that an ordinance, which provided for a license of $150 per year for any one who sold bakery products and was not a resident of the city and did not provide for any license for a resident, was invalid as being in violation of the Fourteenth Amendment to the Constitution of the United States.

"In the ordinance we are now considering those selling bakery products are classified as those owning and operating a fixed place of business in Humboldt and those not owning such a fixed place of business. Appellant argues that this is a reasonable classification and does not come under the rule in the Irish case. We are not impressed with this distinction. This court takes judicial notice of the local situation at Iola and Humboldt and the general business and economic conditions there. The ordinance that provides for a higher license for one selling bread without a fixed place of business in Humboldt than for one who has a fixed place of business really means that a nonresident of Humboldt shall pay the higher rate. This being the case, all that was said in Re Irish, supra, could be said in this case.

"The judgment of the lower court that appellee was entitled to a license free of charge under Rev. St. 73—207, is reversed, while the judgment that the ordinance violates the Fourteenth Amendment to the Constitution of the United States is affirmed."

See. also, 17 R. C. L. 513; 37 C. J. 205, sec. 56: Ward Baking Co. v. City of Fernandina, 29 Fed. (2d) 789; Louisville Gas & Electric Co. v. Coleman, 48 Sup. Ct. Rep. 423; Ideal Tea Co. v. City of Salem (Ore.) 150 P. 852; Phillips v. City of Siloam Springs (Ark.) 30 S. W. (2d) 220; In

62

re Hart, 33 Cal. App. 627, 172 P. 610; In re Robinson (Cal. App.) 230 P. 175; Hair v. City of Humboldt, supra, 299 P. 268.

An examination of the ordinance in question shows that it is an attempt to enforce its provisions in a discriminatory manner; that it is invalid, illegal and void, in that the city of Chickasha has extended its powers granted to it by section 4556, C. O. S. 1921, and is violative of the Constitution of the state of Oklahoma and the Constitution of the United States. It is not the purpose of the ordinance to regulate the affairs of the city of Chickasha under the police powers. Its primary purpose operates to grant an apparent and real advantage to the resident merchant of the city of Chickasha who has an established place of business within the corporate limits of said city, exempting such merchant from a revenue tax which it seeks to impose on the outside business by reason of the fact that such business does not maintain a place of business within the city. It is discriminatory in its application, and in reality attempts to build a barrier wall around the incorporate limits of said city, and attempts to eliminate and prohibit all competitors who have no fixed or established place of business within the corporate limits of said city. It is a classification studiously, artfully, and comprehensively drawn, but nevertheless, discriminatory and violative of the aforesaid provisions of the state and federal Constitutions.

The judgment of the trial court is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. CLARK, V. C. J., and RILEY, J., absent.